## WHITE v. STOVER, ET AL.

1. The lien of a vendor who has conveyed the land to a purchaser and taken notes for the price, is not waived by his passing the notes to another without indorsement, but may be enforced by that holde, or by the vendor when the notes are returned to him, against a sub-purchaser with notice of the equity.

Writ of Error to the Court of Chancery for the 13th District.

THE bill is filed by White against Stover and Curtis, to enforce the vendor's lien upon a certain tract of land, sold and conveyed with warranty, by White to Evans, and for which two notes were executed from Evans to White, one

dated April 27, 1836, for $6,000, the other dated November 8, 1837, for $1,036 94. The date of the conveyance is not stated. White transferred these notes to M. A. Dumas, for a valuable consideration, and she commenced suits against E- vans in January, 1838, in the name of White, for her use, but these were afterwards abated, in consequence of the death of Evans, in 1839. Evans' estate was declared, and is, insol- vent. After the abatement of the suits against Evans, White received back the notes from Mrs. Dumas, and gave his own in place of them, whereby they became his property, and as such he insists he is entitled to enforce them, as a lien upon the land so conveyed. The lands, after the death of Evans, on the 1st and 3d February, 1840, were sold by the sheriff, under executions having a lien anterior to the death, and Cur- tis and Stover became the purchasers, with notice of the lien. Afterwards, Curtis mortgaged his interest to Stover. The prayer of the bill is, that the lien may be enforced.

After the defendants' answers were in, they moved to dis- miss the bill for want of equity, and the chancellor being of opinion White had waived his lien by transferring the notes, dismissed the bill as containing no equity.

The complainant now assigns the decree as error.

C. Dear, for the plaintiff in error.

J. D. Jenkins, contra, argued—

1. The decree was proper; as the vendor's lien is personal and not the subject of transfer, it follows, that when the notes are transferred, the lien is barred. [Hall v. Click, 5 Ala. R. 363; 1 Paige, 506; 6 Howard, Miss. 363; 5 Porter, 456; 15 Vesey, 327; 4 Wheat. 294; 2 Vern. 281; 6 Dana, 393; 7 Wheat. 52; Roper v. McCook, 7 Ala. 318.]

2. However the equity may be, the bill was properly dis- missed, because Evans' administrator and heirs were not par- ties. [Haley v. Bennett, 5 Porter, 410; 6 Dana, 140.

GOLDTHWAITE, J.—We think this case is within the influence of the decision made by us in Roper v. McCook, 7 Ala. Rep. 318, where we held the vendor's lien continued, and might be enforced by the assignee of a note given for the

purchase of land, although no steps had been taken to hold the assignor responsible on his indorsement. It cannot be contended after the many decisions found in the books on this subject, that the vendor's lien is not capable of being transferred to a third person, and the contrary idea seems to rest entirely on a *dictum* of L'd Hardwick in Pollaxfor v. Moore, 3 Atk. 272. In that very case however, a third person was subrogated to the lien, and the *dictum* is considerately overruled in Selby v. Selby, 4 Russ. 336, where creditors were allowed to subject the land in the hands of the purchaser's devisee, the vendor having exhausted the personal estate in satisfaction of the debt for which his lien existed. It would be difficult to imagine a stronger case of exerting the equity in favor of a third person. It is supposed by the counsel for the defendants, that there is no true similitude between a lien of this description and a mortgage, but we feel much difficulty in drawing any material distinction between them. Each is a security for the eventual payment of the purchase money, and there seems no sufficient reason why the transfer of the evidence of the debt should not carry the security with it in the one case as well as the other, when that transfer creates the presumption that the whole interest in the debt was intended to be assigned. In the simplest form of a debt, where no evidence whatever of it is given by the purchaser, and that debt is afterwards assigned, why should not the equity go with it? Has the purchaser the greater equity to hold the land without payment, or the assignee to receive it from him? By the transfer of a debt without passing the legal title, it would seem to be just, that the assignee, as he may use the name of the creditor to collect the demand, is invested with all his rights. Even where the judgment upon such a demand is assigned, it carries with it the vendor's lien. [Johnson v. Gwathmey, 4 Litt. 317; see also, Kinney v. Collins, Ib. 289; Eubank v. Poston, 5 Mon. 285.]

The case of Hall v. Click, 5 Ala. Rep. 363, has been referred to as sustaining the decree, but it will be seen that there the note was assigned *without recourse*, and this circumstance was considered to show the intention not to transfer the lien. The decree cited certainly does not control this case, and we should be unwilling to extend it beyond its

terms.   We have no doubt that the vendor may so contract with his assignee, as to prevent the passing of the lien, but here no question of that kind arises, as there is nothing from which such intention can be inferred.

What we have said is conclusive that the case must be sent back, and it is unnecessary to examine the question as to the parties, for that does not arise on a motion to dismiss for want of equity.

Judgment reversed and remanded.