## CONNER et al. vs. BANKS.

1. Where the vendor of real estate has executed his bond conditioned to make title on the payment of the purchase money, the contract is considered by a court of equity in the nature of a mortgage, with all its equitable rights and incidents.

2. In such case, the debt being regarded as the principal and the lien as an incident to secure its payment, the assignment of a note given for the purchase money, unless otherwise agreed upon, necessarily operates as a transfer of the lien.

3. The lien thus acquired will not be lost by the assignee extending the day of payment, and taking a new note for the purchase money in his own name, but will continue to attend the debt, until it is paid, or extinguished, or the lien itself is destroyed by contract between the parties.

ERROR to the Chancery Court of Barbour. Tried before the Hon. J. W. Lesesne.

P. T. SAYRE, for the plaintiffs:

I. The lien cannot be enforced—

1. Because the contract was not made with reference to the lien, new security having been taken.—7 Ala. 318.

2. Because the security was destroyed and extinguished by the taking of a new note.—4 Kent, 193.

3. The new note was not a renewal of the land note, because the contract was with different parties. It was a new contract, for a different note—the payee of which was different.

II. Banks had a right to relinquish the lien by his own act, or it may be done by implication of law—he had a right also to transfer it. By taking a new note payable to himself, instead of Saunders, he did away with the debt due by Conner to Saunders for the land—for the latter pays the purchase money of the land. When the purchase money is paid, the lien upon the land is gone, for it exists only so long as the debt exists. The bill charges that the old note is extinguished. If the old note is extinguished, then all the incidents which attached to the old note are extinguished, and therefore the lien upon the land is gone. The contract between Saunders and Banks, by which the latter obtained the lien of the former, is ended.

Conner et al. v. Banks.

BUFORD, for the defendant:

1. Vendor with *bond* has a lien, which possesses all the qualities of a *mortgage* lien.—5 Port. 452; 5 Ala. 399; 7 ib. 321.

2. Vendor's lien passes to his assignee by endorsement or delivery.—7 Ala. 321; 10 ib. 441.

3. When a *bond* only is given, taking additional security is no waiver of the lien—such is the case only when an *absolute deed* is made. Retaining the title is *conclusive* evidence that the lien is not waived.—5 Ala. 402; 3 ib. 302; 3 Powell on Mort. 1062.

4. Renewal of note for the purchase money does not affect the lien—the lien follows the *consideration*, of which the note is *mere evidence*.—1 Freeman's (Miss.) Ch. R. 79; 9 Mass. 232; 16 Pick. 22; 8 ib. 522; 3 Conn. R. 146; 1 Pet. 448; 10 Ala. 326.

DARGAN, C. J.—The bill and the amendments thereto show that Stephen B. Saunders, deceased, in his life-time, sold the land in controversy to Milton C. Conner, who gave his note for the purchase money, amounting to two thousand dollars, payable on the first of January 1841. No deed was then executed, but Saunders gave his bond to make titles. The note for the purchase money was transfered to the complainant, and its payment was guarantied by Saunders, the payee, and one Tripp. After the note fell due, the complainant extended the time of payment and took a new note from Conner, including interest, and gave up the note given by Conner to Saunders at the time of the purchase. Milton C. Conner then sold the land to John F. Conner and transfered to him the bond for titles executed by Saunders. These facts are not denied by the answer of John F. Conner, who alone answered the bill, but he insists that by renewing the note and extending the time of paying the purchase money, the lien is lost. He further alleges that since the death of Saunders, he had obtained a decree in the Orphans' Court against his executors, requiring them to execute to him a deed to the land, which they had done in accordance with the decree, and that thereby he had obtained the legal title. The question growing out of the foregoing facts is, whether the land is chargeable with the payment of the note executed by Milton C. Conner to the complainant, in lieu of the note given for the purchase money, and which was in extension

Conner et al. v. Banks.

of the time of payment. It is a well settled rule, that the vendor of real estate, who has not executed a deed to the purchaser, holds the legal title as a security for the payment of the purchase money; and if he has executed a bond to make titles when the purchase money is paid, the contract in a court of equity will be considered in the nature of a conveyance to the purchaser and a re-conveyance back, by way of mortgage.—Haley et al. v. Bennett, 5 Port. 452; Chapman v. Chunn, 5 Ala. 397; Roper v. McCook & Robertson, 7 ib. 318. In the case before us, the pleadings do not show the form of the bond, nor was it produced on the trial as evidence, so far as we can discover from the record. We cannot therefore infer that there are any peculiar provisions contained in the bond, by which the lien of the vendor was waived, or that would compel him to make title, notwithstanding the purchase money had not been paid; but we must consider the right of the vendor in the nature of a mortgage to which is attached all the equitable rights and incidents of a mortgage intended to secure the payment of the purchase money. As it is clear that Saunders retained a lien on the land in the nature of a mortgage to secure the payment of the purchase money, the transfer of the note to the complainant carried with it the lien; for the note which was given for the purchase money must be considered as the principal and the lien as an incident *thereto to secure its payment*, and the transfer of the note will necessarily operate as a transfer of the lien, unless by the contract it appears that the parties did not intend that the lien should pass. In the case of Roper v. McCook & Robertson, 7 Ala. 318, this court held that the equitable lien of a vendor would pass to his assignee of a note given for the payment of the purchase money. So in the case of White v. Storer et al., 10 Ala. 441, it is said that the lien of a vendor, who has conveyed the land to a purchaser and taken his notes for the purchase money, is not lost by transfering the notes to another without endorsement, but that the holder of the notes may enforce the lien against the land in the hands of the purchaser or his vendee with notice. Now I apprehend, if the equitable lien will pass with the note to the assignee of the vendor, when he has executed a deed for titles, it will not be denied that the lien will pass with the note, when the vendor retains the legal title to secure its payment. .

Nor was the lien lost by extending the day of payment and taking a new note from the purchaser. The consideration of this new note was the purchase money. The debt was therefore the same, although the day of its payment was postponed. The lien is an incident to the debt and attends upon it until the debt is paid, or extinguished, or the lien itself by contract is destroyed. There is nothing growing out of the contract between the complainant and Milton C. Conner, by which the payment of the purchase money was postponed, from which we could infer that it was the intention of the parties that the lien should be abandoned or released. We must therefore hold that it still continues as a security for the debt.

It is not necessary to notice the fact relied on in the answer, that John F. Conner had procured the legal title, for that allegation is not proved, nor is it responsive to the bill; but if it had been proved, it would be difficult to perceive how he could have insisted on the position of a *bona fide* purchaser without notice, for as he took from Milton C. Conner the bond of Saunders to make title, he should have ascertained whether the purchase money was paid or not. He probably would have been charged with notice of the complainant's equity, even had he shown that he had acquired the legal title; but it is not necessary to decide this point, for as the case stands upon the record, he is the assignee of the bond merely, and his equitable title is subject to the lien of the complainant.

In no aspect of the case can we perceive any error, and the decree of the chancellor must be affirmed.