## KELLY *vs.* PAYNE.

1. A vendor of land, who has executed his bond, conditioned to make title when the purchase money is paid, holds the legal title to the land as a security for the payment of the purchase money, and all the incidents of a mortgage, so far as the lien is concerned, attach to such a contract.

2. Where, in such case, the vendor transfers by endorsement the note given for the purchase money, a court of equity, unless by the contract of transfer it is otherwise agreed, will consider the transfer of the note as a transfer of the lien, and regard the vendor as holding the legal title to the land in trust to secure the payment of the debt; but if the vendor afterwards, on the failure of the maker to pay it, takes up the note, the debt, with the security for its payment, is revested in him, and he may subject the land to its satisfaction.

3. The recovery of judgment on the note by the endorsee against the maker, and its payment by the vendor, after his liability as endorser had been fixed by the issuance of execution and return of no property, cannot, in such case, operate as a satisfaction of the debt, or a discharge of the lien; but such payment, being regarded as a discharge of his own liability merely, will entitle the vendor to the equitable interest in the judgment, and, the legal title to the land being still in him, he can subject it in equity to the satisfaction not only of the principal and interest, but the costs of the judgment.

4. The rule is too well settled to be now questioned, that a prayer for general relief is sufficient, and will entitle the complainant, on the final hearing, to such a decree as his case may warrant.

ERROR to the Chancery Court of Lowndes. Tried before the Hon. J. W. Lesesne.

THE bill in this case was filed by the defendant against the plaintiff in error, and alleges that, on the 1st July 1844, the

complainant sold to the defendant a lot of land in Lowndes county, known as the south-west quarter of section fifteen, township twelve, and range sixteen, except thirty acres of the north end thereof, for six hundred and fifty dollars, and executed to him his bond to make titles when the purchase money should be paid; that the defendant, to secure the payment of the purchase money, gave the complainant his four notes for $160 $\frac{50}{100}$ each—the first payable on the 1st January 1845, and the others annually thereafter; that the three first notes have been paid, but that the last is still due; that, on the 24th Dec. 1845, the complainant sold and endorsed said last note to Perry Watson, that Watson traded and endorsed it to one Webb, and Webb to one Pleasant F. Boyd, who sued the defendant on it in the Circuit Court of Lowndes, and obtained a judgment thereon at the spring Term 1848, on which execution issued and was returned no property; and that the complainant being liable, on his endorsement, to pay the said note, before the filing of the bill paid to Boyd the amount of said judgment, with interest and costs. The prayer of the bill is simply for general relief. The defendant's answer admits all the allegations of the bill, except that as to the payment by complainant of the judgment, and this was established by the proof. The answer also contains a demurrer for want of equity, and because of the insufficiency of the prayer. The chancellor overruled the demurrer, decreed in favor of the complainant, and refered it to the master to take an account. The master having reported the sum of $203 $\frac{88}{100}$ as due to the complainant, being the amount of the judgment with interests and costs, the defendant's counsel excepted to and appeal from his decision, because he allowed the costs that had accrued on the judgment, but the chancellor overruled the exception and confirmed the report. The decree and the confirmation of the report are now assigned as error.

T. & J. WILLIAMS, for the plaintiff in error.

STONE & JUDGE, for the defendant.

DARGAN, C. J.—The vendor of land, who executes a bond to the vendee, with condition to make titles when the purchase money is paid, retains a lien on the land, which he may enforce for the payment of the purchase money. He holds the

legal title to the land as a security for its payment, and all the incidents of a mortgage, so far as regards the lien, attach to such a contract.—Haley v. Bennett, 5 Port. 452; Conner v. Banks, at this Term, (ante p. 42,) and cases there cited.

If therefore the vendor should transfer the note given for the purchase money, either by endorsement or delivery merely, he will hold the legal title as a trustee for the payment of the note, (unless by the contract of transfer it was otherwise agreed,) and a court of equity would subject the land to the payment of the purchase money at the instance of the holder of the note; for the transfer of the note will be considered in a court of equity as a transfer of the security for its payment.—Duval's Heirs v. McLosky, 1 Ala. 708; Foster v. The Athenæum, 3 ib. 302; Cullum v. Erwin, 4 ib. 452; Roper v. McCook, 7 ib. 318; Conner v. Banks, *supra.*

If the vendor endorse the note and afterwards takes it up, on the failure of the maker to pay at maturity, or if the note comes back into his possession as his own, then both the debt and the security for its payment are united again in the vendor, and he may enforce payment by subjecting the land to its satisfaction. White v. Storer et al., 10 Ala. 441; Roper v. McCook, 7 ib. 318.

These general rules, which are as well settled by decisions as they are in consonance with the principles of justice, clearly show that the complainant is entitled to subject the land to the payment of the note, given by Kelly to him for part of the purchase money. The transfer of the note by Payne did not affect the lien; he still held the legal title to the land to secure its payment. Nor can it be pretended that the recovery of judgment against Kelly by Boyd discharged the land from the payment of the purchase money.

But it is urged that the payment of the judgment by Payne operated as a satisfaction of it, and the debt being satisfied, the lein is discharged. This argument cannot be sustained. Payne endorsed the note, and after the judgment was rendered against Kelly, and execution had been issued and returned *no property*, he was immediately liable upon his endorsement for the whole amount of the judgment, and a payment of it by him was clearly a payment growing out of his liability as endorser, and cannot be considered a satisfaction of the judgment, either at law, or in equity. The complainant, by paying to Boyd

the amount of the judgment, discharged his own liability as endorser of the note, and this entitles him to the equitable interest in the judgment, and Boyd, in whose name it was rendered, then held the legal title to it in trust for the complainant. As Payne was entitled in equity to the judgment, and held the legal title to the land as a security for its payment, he was entitled to file his bill to subject the land to the satisfaction of the judgment, and the land is equally bound in equity for the cost, as for any other portion of the judgment.

But it is contended that the bill should have been dismissed, because it does not pray for particular, but only for general relief. The rule, however, is now too well established to be questioned, that the prayer for general relief is sufficient, and that the particular relief to which the party may be entitled may be prayed at the bar.—Story Eq. Pl. § 41, and cases cited in note 1. True, if the party desires an injunction, or a *ne exeat regno*, he must pray specially for them, but a prayer for general relief alone will entitle the complainant to such a decree on the final hearing, as his case warrants.

Let the decree be affirmed.