## WINTER *vs.* ROSE.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN ON LAND]

1. *Waiver of defect in summons.*—A defendant in a chancery cause, having appeared without objection in the court below, cannot take advantage on error of a defect in the summons.
2. *Form of decree foreclosing vendor's lien.*—In a decree foreclosing a vendor's lien, it is not necessary that a day should be given to the defendant, beyond the date of the decree, within which he may pay the balance of the purchase-money due, and thus prevent a sale of the land ; he has the right to pay the money at any time before the sale is made, although not expressly reserved to him by the decree.
3. *Error waived by consent.*—A party cannot complain on error of an order which was made with his consent.

APPEAL from the Chancery Court at Montgomery.
Heard before the Hon. WADE KEYES.

THIS bill was filed by Howell Rose against John G. Winter, and sought to foreclose a vendor's lien for the unpaid purchase-money of land. The chancellor rendered a decree for the complainant, from which the defendant appeals. There are nine assignments of error, none of which require special notice.

CHILTON & GUNTER, for the appellant.
L. E. PARSONS, and GOLDTHWAITE & SEMPLE, *contra.*

STONE, J.—In this case, the caption of the record, the body of the record itself, and the appeal bond, when fairly construed in connection with each other, show that

the decree *pro confesso*, the decree of reference, and the final decree, were all pronounced at the July term of the court, 1857. The summons was served on the defendant May the 9th, 1857, more than thirty days before the first day of July. Hence, there is nothing in those assignments of error which rest on the assumption that the record does not show the defendant was in default.

The agreement endorsed on the record shows that the decree of reference was rendered on a day subsequent to the day on which the decree *pro confesso* was entered; and that the report of the register, after it was made, lay over one day before it was confirmed. This disposes of the 5th and 7th assignments of error.

We deem it unnecessary in this case to determine, whether a summons, which does not pursue the language of section 2878 of the Code, last clause, is for that reason ineffectual to bring the defendant into court. Whether the clause under discussion is imperative, or simply directory, we do not now decide. Its mandate was so far regarded by the defendant, as is shown in his affidavit, that he employed a solicitor to represent him; and he subsequently appeared in court, and, on his motion, the decree was materially modified. He made no objection in the court below on account of defects in the summons; and even if the summons be defective, he by making said motion waived his right to take advantage of it.—Bank of St. Mary's v. St. John, 25 Ala. 566, 6th head-note.

There is nothing in the objection that the decree does not expressly reserve to defendant the right to pay the money due, and thus prevent a sale of the lands. He had, and still has, the right to pay the money at any time before a sale is made; and there is nothing in the decree, which in the least impairs that right. There is no rule of law which requires that, in a decree of foreclosure, a day shall be given, *beyond the date of the decree*, within which the mortgagor may redeem, although in practice this is frequently done. The mortgagor is already in default, otherwise the decree would not have been pronounced.

The decree does ascertain and order the payment of

$2,093 33 to the plaintiff. A larger sum had been decreed, but the decree was modified at the instance of defendant. It is true that a re-reference was ordered, to ascertain whether certain interest had been paid. This was done, however, by the consent of defendant, and he cannot be heard to complain of it. *Consensus tollit errorem.*

The decree of the chancellor is affirmed.