36    695
107   395

</div>

# GRIFFIN *vs.* CAMACK.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN FOR PURCHASE-MONEY OF LAND.]

1. *Equitable assignment of vendor's lien.*—An unqualified endorsement of a promissory note, given for the purchase-money of land, is an equitable assignment of the vendor's lien; and an unqualified assignment of a judgment, recovered by the endorsee upon the note, carries with it the same lien.

2. *Assignment of judgment.*—An assignment of a judgment, in these words, " For value received, I hereby transfer the entire control of the *fi. fa.* from the above stated judgment," and of the judgment above stated, from this date, to A. B. G.,—is an unqualified transfer of the judgment.

APPEAL from the Chancery Court of Russell.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by Furney Camack, against George Cook, Andrew B. Griffin, and John W. Hale; and sought to enforce a vendor's lien for the unpaid purchase-money of land. The land was sold by

Camack to Cook on the 15th July, 1854, for $800; and Cook executed and delivered his three promissory notes for the purchase-money, payable on the 25th December, 1854, 1855, and 1856, respectively. The first of these notes was transferred by Camack, on the 24th January, 1855, to Thomas T. Storey, who obtained a judgment thereon against Cook, on the 4th April, 1855. The bill alleged, that Griffin claimed to be the owner of this judgment, and had received the possession of the land from Cook; and that Hale was in possession as the tenant of Griffin. A decree *pro confesso*, on publication, was entered against Cook. Griffin answered, setting up his purchase from Storey of the judgment on the first note, and insisting that his lien was superior to the complainant's. On final hearing, on pleadings and proof, the chancellor held, that the assignment under which Griffin claimed the judgment, and which is copied in the opinion of the court, did not operate as an assignment, *pro tanto*, of the vendor's lien. He therefore rendered a decree for the complainant; and his decree is now assigned as error by the defendant Griffin.

Jno. M. Philips, for the appellant, cited Cullum v. Erwin, 4 Ala. 452; Bank of Mobile v. P. & M. Bank, 9 *ib.* 645; White v. Stover, 10 *ib.* 441; Kelly v. Payne, 18 *ib.* 371; Conner v. Banks, 18 *ib.* 42; Center v. P. & M. Bank, 22 *ib.* 743; Griggsby v. Hair, 25 *ib.* 327.

Watts, Judge & Jackson, *contra.*

A. J. WALKER, C. J.—We think the law is settled in this State, that the unqualified transfer of a note, given for the purchase-money of land, or of a judgment upon the note, is a transfer of the vendor's lien on the land for the payment of the note.—White v. Stover, 10 Ala. 441; Kelly v. Payne, 18 Ala. 371. An endorsement by the complainant of one of the notes given by his vendee transferred the lien of the note, and a transfer of the judgment recovered by the endorsee upon the note would carry with it the same lien.

[2.] The language of the transfer of the judgment is as follows: "For value received, I hereby transfer the entire control of the *fi. fa.* from the above stated judgment, and of the judgment above stated, from this date, to A. B. Griffin." We construe this language as making an unqualified transfer of the judgment. The giving of the "*entire*" control of a judgment to another, for a valuable consideration, has precisely the effect of a sale of the judgment. We do not deny that an endorsement may be so qualified as not to carry with it the lien of the debt endorsed; but we think there is no such qualification in the transfer of the judgment to the defendant Griffin.

The evidence of the witness Baker conduces to show, that the judgment was really paid off at the date of the transfer; but we think the witness Baker is mistaken, and that his mistake is shown by the testimony of the witnesses Storey and A. B. Griffin, jr. The testimony of Baker tends to prove, that the note given on the occasion of the transfer of the judgment was really the note of Cook, the defendant in the judgment; and that the appellant, Griffin, merely signed it as the surety of Cook. If this were so, it might, perhaps, be inferred that the judgment was really discharged, and that the transfer of the judgment was merely an attempt to keep it open for the indemnity of the surety. But we are precluded from taking this view of the subject, because the other two witnesses, above named, show that the note was signed by Griffin alone.

The decree in this case must be, that the land be sold; that the costs be paid out of the proceeds of the sale, and that the balance be appropriated to the payment of the debts of the complainant and defendant Griffin; and if the fund is insufficient for the payment of the entire debts, that it be distributed to them *pro rata.*

Decree reversed, and cause remanded.