# WELLS vs. MORROW.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN FOR UNPAID PURCHASE-MONEY OF LAND.]

1. *Assignment of purchaser's notes for price of land.*—An assignment of notes, given for the purchase-money of land, carries with it the vendor's lien on the land for their payment; and the assignee may enforce the lien in equity, in his own name.

2. *Plea of purchase for value without notice.*—A plea of a purchase for valuable consideration without notice, must aver the actual payment

of the money, and must negative notice at the time of the payment.

3. *Absolute deed held mortgage.*—A deed, absolute on its face, which is shown to have been intended to secure an antecedent debt, and to have been accompanied with a parol agreement that, on the payment of the debt within a reasonable time, the land should be reconveyed to the grantor, will be treated in equity as a mortgage.

4. *Who is purchaser for valuable consideration without notice.*—A mortgage, taken to secure the payment of a debt contemporaneously contracted, constitutes the mortgagee a purchaser for valuable consideration, who will be protected in equity against an outstanding vendor's lien of which he had no notice ; *secus*, where the mortgage is taken to secure the payment of a pre-existing debt ; and where a part of the secured debt is contemporaneously contracted, and the residue is pre-existing, he will be protected only to the extent of the new debt. .

APPEAL from the Chancery Court of Shelby.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 22d March, 1855, by Abner J. Wells, against Thomas L. Morrow, Thomas A. Fleming, Henry F. Fleming, and John L. Fleming. Its object was, to subject a certain tract of land, which was in the possession of the defendant Morrow, to the payment of three notes held by the complainant. The land belonged to Thomas A. Fleming, and was sold by him, on the 1st February, 1851, to his two sons, Henry F. and John L. Fleming. The stipulated price was $300, for which four notes were executed by the sons; each executing two notes, one for $100, and the other for $50, payable on the 25th December and 1st January, 1852 ; and three of these notes were afterwards assigned by Thomas A. Fleming to the complainant, by an endorsement on each in the following words : "I assign the within note to A. J. Wells, and I am to stand good for it until it is paid, for value received this 7th February, 1852." No deed was executed by Thomas Fleming to his sons, but he gave them a bond, conditioned to make titles to the land on or before the 25th December, 1852. On the 1st June, 1854, Thomas A. Fleming conveyed the land, by deed absolute on its face, to Thomas L. Morrow, and delivered the possession to him. The consideration recited in the deed was $400 in hand

paid; but the real consideration, as proved, was certain antecedent debts due from Thomas Fleming to Morrow, and a debt of small amount due to Morrow from one of Fleming's sons. Morrow admitted in his answer, that there was a parol agreement between him and Thomas Fleming, contemporaneous with the execution of the deed, to the effect that he should reconvey the land to said Fleming, on the payment of $400 by the latter within a reasonable time. He alleged, that Thomas Fleming was in possession of the land at the time of his purchase; that the alleged sale by Thomas Fleming to his two sons was fraudulent and void, and, if valid, should not be allowed to affect his rights, as he purchased without notice. A decree *pro confesso* was taken against all of the other defendants.

On final hearing, on pleadings and proof, the chancellor held, that the complainant was entitled to equitable relief, but that his claim must be postponed to that of Morrow. He ordered an account to be stated by the master, to ascertain the amount due to each of them; and directed a sale of the land, and the satisfaction of Morrow's debt out of the proceeds,—the balance, if any, to be paid to the complainant. The land was offered for sale under the decree, but the amount bid for it not being enough to pay Morrow's debt, no sale was made; and on a report of these facts by the register, the chancellor dismissed the complainant's bill. The final decree is the only matter assigned as error.

BYRD & MORGAN, with C. G. SAMUEL, for appellant.
S. LEIPER, contra.

STONE, J.—The right of complainant to proceed by bill to subject the land in controversy to the payment of the three notes which were executed to secure the purchase-money, is too well settled to be open to further controversy. The present case, in that feature of it, is not distinguishable from former cases, which have received the sanction of this court:—See *Connor v. Banks*, 18 Ala. 42;

*Kelly v. Payne*, 18 Ala. 371 ; *Rosser v. McCook*, 7 Ala. 318.

The only defense in this case which we deem it necessary to notice, is that which claims that Mr. Morrow is a *bona-fide* purchaser of the land, without notice of the sale by Thomas Fleming to his sons John and Henry. The facts set out in the record do not enable us to affirm that Mr. Morrow had notice of the former contract of sale, either actual or constructive ; and the question arises, was he a purchaser within the rule invoked ?

[2.] Before considering this question, a point arises on the pleadings, which we feel it our duty to consider. There is no averment in the answer, that Mr. Morrow had paid the purchase-money for the land ; and hence, his defense of purchaser without notice must fail on that account. In the case of *Jewett v. Palmer*, (7 Johns. Chan. 68,) Chancellor Kent said : "A plea of a purchase for valuable consideration without notice, must be with the money *actually paid;* or else, according to Lord Hardwicke, you are not hurt. The averment must be, not only that the purchaser had not notice at or before the date of the execution of the deeds, but that the purchase-money was paid before notice. There must not only be a denial of notice before the purchase, but a denial of notice before payment of the money." To the same effect are *Wormley v. Wormley*, 8 Wheat. 449 ; 2 Story's Equity, § 1502,; Mitford's Ch. Pleading, m. p. 275 ; *Wood v. Mann*, 1 Sumner, 510 ; *Flagg v. Mann*, 2 Sumner, 563 ; *Harrison v. Southcote*, 1 Atk. 538; *Bradlin v. Ord, ib.* 571 ; *Fitzgerald v. Burk,* 2 Atk. 397 ; *Hardingham v. Nicholls*, 3 Atk. 304.

The result of what we have said is, that the decree of the chancellor must be reversed. But, as other questions may arise again when this case returns to the chancery court, we will lay down some rules for its future government.

[3.] Governed by the evidence in the record before us, we hold, that the deed from Thomas Fleming to Mr. Morrow, though absolute on its face, is only a mortgage security for money.—*Crews v. Threadgill*, 35 Ala. 342;

*Turnipseed v. Cunningham,* 16 Ala. 501; *Locke v. Palmer,* 26 Ala. 312; *Parish v. Gates,* 29 Ala. 254; *Flagg v. Mann,* 2 Sumner, 486, 534.

[4.] A mortgage to secure a 'debt, cotemporaneously contracted, constitutes the mortgagee a purchaser. This rests on the principle, that the mortgage security enters into the consideration on which the credit is given.—Willard's Equity, 257; *Fash v. Ravesies,* 32 Ala. 457. On the other hand, when a mortgage is taken to secure a pre-existing debt, the mortgagee does not become a purchaser, in that sense which, being without notice of a pre-existing equity, will cause his title to prevail over that of the prior equitable claimant.—*Fenno v. Sayre,* 3 Ala. 470; *Andrews v. McCoy,* 8 Ala. 920; *Boyd v. Beck,* 29 Ala. 713; *Dickerson v. Tillinghast,* 4 Paige, 214; *Padgett v. Lawrence,* 10 Paige, 181; Willard's Equity, 256.

Our registration statutes place in the same category creditors and purchasers without notice of an unregistered prior conveyance which by law is required to be recorded. The creditors here meant are judgment creditors, having a lien.—See *Daniel v. Smith,* 9 Ala. 436; *DeVendell v. Hamilton,* 27 Ala. 164; *Jordan v. Mead,* 12 Ala. 251; *Fash v. Ravesies,* 32 Ala. 451; *Bryan v. Cole,* 10 Leigh, 500.; *Tate v. Liggat,* 2 Leigh, 98–9. But, when the equity is of that character or description which is not by law required to be recorded, the rule is different. Such equity will prevail over creditors, but will yield to a subsequent *bona-fide* purchaser without notice, either actual or constructive. Of this class is the lien which a vendor retains on lands contracted to be conveyed.—*Avent v. Read,* 2 Stew. 488; *Stone v. Hale,* 17 Ala. 557; *Fash v. Ravesies, supra; Donald v. Hewitt,* 33 Ala. 549; *Ligon v. Rogers,* 1 Georgia, 290; 1 Story's Equity, § 165.

The testimony in this case tends to the conviction that, as to some twenty dollars of the debt to Mr. Morrow, he must be regarded as a purchaser. This consists of the item of some twenty dollars, the debt of the younger Fleming, which Thomas A. Fleming, the father, took up when he

9

conveyed the lands in controversy to Mr. Morrow. As to the residue of the consideration on which the mortgage rests, it is simply a prior debt, due from Thomas A. Fleming, the mortgagor, to Mr. Morrow, the mortgagee. We have then, as this record now appears to us, the case of a mortgagee, claiming against an equity older in point of time; but which claim constitutes him a *bona-fide* purchaser without notice, as to a part of the consideration, but leaves him as to the other and larger part in the condition of a mere mortgagee, the mortgage resting on no new consideration, and being taken to secure a pre-existing debt.

It is well settled that, as against the holder of a prior equity, a subsequent purchaser, who has made part payment without notice, leaving a balance unpaid, and who then receives notice of the prior equity, can not, by afterwards paying such balance, perfect his entire claim as a purchaser without notice. Notice, received at any time before the payment is completed, or before the purchaser, by giving a negotiable security, or in some other way, has placed it out of his power to resist payment, changes the whole current of the equities.—Willard's Equity, 256–7 ; 2 Story's Equity, § 1502 ; *Boyd v. Vanderkemp*, 1 Barb. Ch. 286; Mit. Pl. 274; *Wood v. Mann*, 1 Sumner, 510. This principle applies to the case of a contract to convey land to one, and a subsequent sale of the same lands to another without notice.—Willard's Equity, 298. We therefore hold that, as to the amount of the note on the younger Mr. Fleming, which was taken up, Mr. Morrow, on proper pleadings, and on the proof in this record, must be regarded as a *bona-fide* purchaser without notice; and his mortgage interest will, to that extent, prevail over the equity of Mr. Wells. Beyond that amount, Mr. Wells has the superior equity. *Qui prior est in tempore, polior est in jure.*

The decree of the chancellor is reversed, and the cause remanded.