## WOOD ET AL., ADM'RS, *vs.* SULLENS ET AL.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN, FOR UNPAID PURCHASE MONEY OF LAND, SOLD AT ADMINISTRATOR'S SALE.]

1. *Notes given for purchase of decedent's lands, sold under order of probate court; what liens create, how can not be waived.*—Notes given for the purchase-money of a decedent's land sold by the administrator on a credit, in accordance with an order of the probate court for the purpose of paying the debts of deceased, create a lien in favor of the estate of the decedent for the payment of the purchase-money. The administrator has no authority to release such lien until the whole purchase-money is paid.

2. *Same; lien for, may be enforced by administrator de bonis non.*—Such lien may be enforced in equity by the administrator *de bonis non* of the estate of such decedent.

3. *Same; when separate notes, each constitute a lien on whole tract of land.*—In such a case, if an entire tract of land be sold in one body at the same sale, and not by parcels, then the notes given for the purchase-money at such sale, whether they be given by the same parties or by several different parties, in several notes, are each and all invested with the right of lien for the purchase-money upon the whole tract of land sold, until all are paid.

APPEAL from the Chancery Court of Autauga.
Heard before Hon. J. Q. LOOMIS.

The facts of the case are fully stated in the opinion.

G. A. NORTHINGTON, for appellant.
WATTS & TROY, *contra.*

PETERS, J.—In this case the bill shows that John Wood, as the administrator of the estate of Richard Martin, deceased, did, on the 20th day of December, 1858, proceed and sell certain lands belonging to the estate of said deceased at public outcry in the town of Autaugaville, in the county of Autauga, in this State, under a decree of the probate court of said county, granted for that purpose; that at said sale James A. Sullens and Reuben Underwood became the purchasers of said land,

under the name and style of Sullens and Underwood, at the aggregate price of $15,090.00; that said Sullens and Underwood complied with the terms of said sale by executing their promissory notes, payable to said John Wood as administrator as aforesaid, each, for a certain portion of said land. Sullens and Underwood divided said lands after said purchase by agreement entered into between themselves, and gave separate notes each for his own part; that is, Underwood executed his two notes for the sum of $3,772.50 each, one payable twelve months after date of said sale, and the other payable twenty-four months after said sale; and said Sullens also executed two notes, the one due in twelve months after date of said sale, and the other in twenty-four months after said sale, and each for the sum of $3,772.50. Each of said notes were payable to said John Wood as administrator as aforesaid. Said sale to said Sullens and said Underwood was joint, and they became joint purchasers of said land, and at their special request and for their own convenience, said John Wood permitted them to give separate notes as aforesaid. Said. Sullens and said Underwood went into the possession of said lands under said sale. Said sale was regularly reported to said probate court of said county of Autauga, on the 17th day of January, 1859, and was in all respects ratified and confirmed by said court. All of the said notes were paid, except one executed by Sullens for $3,772.50, and payable twenty-four months after said sale, to-wit: on the 20th day of November, 1860, which remained wholly unpaid in principal and interest. The said John Wood, said administrator, died on the 27th day of April, 1867; whereupon Philip A. Wood and John A. Wood, complainants in this suit, were duly appointed administrators *de bonis non* of the estate of said Richard Martin, deceased, to succeed said John Wood in said administration; and as such they filed this bill against said Sullens and said Underwood, to enforce the vendor's equitable lien upon said land for said purchase-money remaining due and unpaid, on said note of said Sullens. Sullens and Underwood are made parties to the bill, and required by note in writing at the bottom thereof, to answer fully all the material para-

graphs of the bill, which are numbered from one to six, consecutively.

The defendants put in a joint answer, in which they admit the sale of the land under the decree, but deny that it was a sale to Sullens and Underwood, but admit that the land was bid off by Sullens, and afterwards divided between Sullens and Underwood, and they separately gave their notes for the separate parts of each, as stated in the bill. They deny that they owned the whole track jointly, but only each one his part. They allege and prove that Underwood, by agreement between himself and Sullens, was to have all the land east of Ivey Creek, and that Sullens was to have the rest; and said administrator being informed of this division, assented to the same, and thereupon agreed to receive the notes of Sullens for his part of the lands, and the notes of Underwood for his part; and Sullens was not to be liable for Underwood's notes, nor Underwood for Sullens' notes. In accordance with this arrangement the parties executed their notes, each for his own part of the land. Underwood paid all his notes, and Sullens all his but the last, which was wholly unpaid.

Upon the hearing, the chancellor dismissed the bill as to Underwood, and decreed a sale of the lands west of Ivey Creek, which were those claimed by Sullens. From this decree the complainants appeal to this court, and assign the dismissal of the bill as to Underwood, and his refusing and failing to decree that all the lands mentioned in complainant's bill be sold in accordance with the prayer of the bill, and the decree rendered, as error.

The equitable right of the vendor of lands sold upon credit, to hold the same subject, in equity, to the payment of the purchase-money, is one which adheres to the whole tract sold. And in sales by administrators, the administrator himself has no power to release this right of lien. His authority is to sell as the law directs, and the vendor's lien is an incident of the sale, and he can no more release the one than he can set aside the other. As long as such a sale stands, the lien stands.—2 Story Eq., § 1217, *et seq.*; 4 Kent, 151, 152, marg.; 2 Sugd. Vend. 856, bottom page and ` notes; Adams Eq. 128, marg.; *Bishop v. Snell,*

37 Ala. 9; *Helvenstein v. Higgason*, 35 Ala. 259; *Winter v. Rose*, 32 Ala. 447; *Brooks v. Woods*, 40 Ala. 538; *Houston v. Stanton et al.*, 11 Ala. 412; *White v. Stover et al.*, 10 Ala. 441; *May v. Lewis*, 22 Ala. 646; Rev. Code, § 2079, *et seq.*, 209 d.

There was but one sale by the administrator in this case, and the whole tract of land was sold in one body, and not in parcels. And it is through this sale that Underwood gets any title to the lands he claims. It is from the administrator of Martin that he must get his titles and not from Sullens. If the sale stands at all, it must stand as a sale of the whole tract of land in a body; for this was the only sale that was made. There was no sale by parcels. The answer shows this beyond all question; and as Underwood claims a part of the land, he must have derived his title from this sale, because there was no other made. The arrangement between Underwood and Sullens had nothing to do with the sale by the administrator. The lien follows the sale by the administrator, and it rests upon the whole of the land, and is only discharged when the whole purchase-money is paid.—Revised Code, § 2096. Underwood is not security for Sullens' note, but the whole of the tract of land, which was sold, is. If Underwood should set up in his defense that he was a purchaser from Sullens, it would not avail him, because Sullens purchased subject to the vendor's lien; and as Underwood acted with a full knowledge of this lien, he can not now evade it. It follows the land as a security for the payment of the purchase-money, in such sales, until the title is completed. The chain of title shows when the land is paid for, and is notice to all who deal with it.—*Johnson v. Thweatt*, 18 Ala. 741.

The chancellor, therefore, erred in dismissing the bill as to Underwood, and failing to decree the whole tract of land sold, subject to the vendor's lien, for the whole price, of which the note of Sullens formed a part. It is a doctrine of the courts of chancery, that equality is equity. Then, as between Sullens and his co-defendant, Underwood, justice might require that the lands in the possession of Sullens should be first sold, before resorting to

those held by Underwood, but the frame of the pleadings has not been adjusted to deal with any other question than that of the lien of the vendor.

The decree of the chancellor is reversed, and the cause is remanded for further proceedings in the court below, in conformity with this opinion. The appellees will pay the costs in this court and the costs of this appeal in the court below.

NOTE BY REPORTER.—The opinion in this case was delivered at the June term, 1869, and upon application by appellees for rehearing, was held under advisement until the January term, 1870, when the following response was made by—

PETERS, J.—The bill shows that there was but one order for the sale, but one sale, and but one confirmation of this sale, and that Underwood and Sullens were joint and not several purchasers. The private agreement of Underwood and Sullens, after the sale, to divide their lands, could not alter the sale or its legal effect. The lien of the vendor extended to the whole tract, and this could not be discharged except by a payment of the whole price. The rehearing is refused, with costs.