McIntosh v. Reid et al.

---

McINTOSH *vs.* REID ET AL.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN.]

1. *Land, sale of for distribution among heirs; in whom vendor's lien exists,
and how may be enforced.*—On a sale by commissioners of land, on peti-
tion of the heirs, who own it, for distribution among them, under the
act of February 5, 1856, the vendor's lien remains unimpaired in the
heirs who own the land, and this lien may be enforced by them by bill
in chancery. It is not necessary that the commissioners shall sue or
be made parties, although the note for the purchase-money was made
payable to them as such commissioners.
2. *Demurrer, cause of; what only will be considered in Supreme Court.*—No
causes of demurrer will be noticed on assignment of error in this court
which are not fully set forth in the answer.

APPEAL from Chancery Court of Lee and Chambers.
Heard before WILSON WILLIAMS, Esq., a solicitor of the
court, as special chancellor.

THIS was a bill in equity, filed on the 14th day of March, 1867, by the complainants as heirs of Robert M. Reid, deceased, "and as such, joint owners or tenants in common" of certain lands described in the bill, to set up and enforce the vendor's lien on said lands for the unpaid purchase-money thereon. The land sought to be subjected was (upon proper proof and petition for sale, for distribution, &c., by the complainants, as heirs of said Reid,) ordered to be sold by the probate court of Chambers, and was sold, in compliance with said order, on October 15, 1859, by commissioners appointed for that purpose by the court, and purchased by the appellant, McIntosh, who gave his promissory note, with two securities, in payment of the purchase-money, payable twelve months after date to "Samuel Fears, James Adkin, and Wm. F. Bonner, the commissioners appointed to sell certain lands belonging to the heirs of Robert M. Reid, deceased, or bearer." This note, with the exception of a few small partial payments, remains unpaid. The order was silent as to requiring security ; but the court, on report of the commissioners, confirmed the sale as made in the same year, but no deed was ever executed. The purchaser, McIntosh, immediately entered into possession, and still so continues. The sureties on the note were probably insolvent when it was executed, and both were dead and their estates wholly insolvent at the date of filing the bill, to which the appellant is the sole party defendant.

The appellant, McIntosh, sets up in his answer, among other things, that taking security on the note was a waiver of the vendor's lien ; that the payees of said note are the only persons entitled to collect the same ; that complainants are not his vendors; there is no privity of contract between complainants and respondent; that the records of the proceedings in the probate court, and the confirmation of the sale constitute his title, and that it is not necessary to have a deed to constitute his title. McIntosh also demurred to the bill, and assigned for grounds : "1st, There is no equity in the bill;" 2d, That complainants show in the bill that they are not entitled to maintain the same ; "3d, That they are not the vendors of the respondent; that there is

no privity of contract between them and the respondent, and that they have no right to proceed against him to enforce a vendor's lien, and that there is a misjoinder of parties complainant." The cause was submitted for decree on bill, answer and proof. The chancellor overruled the demurrer, decreed a lien on the land in favor of complainants for the payment of the unpaid purchase-money, and ordered a reference to the register to ascertain the amount due, and on the coming in of his report, confirmed the same, and ordered a sale of the land.

McIntosh appeals, and assigns for error—

1st, Overruling the demurrer.

2d, In decreeing that appellees had a lien on the land for the purchase-money.

3d, In decreeing complainants entitled to the relief prayed for.

4th, In decreeing that the proper parties were before the court.

5th, The final decree rendered.

W. H. BARNES, and CHILTON & THORINGTON, for appellant.
E. G. RICHARDS, contra.

[The briefs did not come into Reporter's hands.]

PETERS, J.—This is a bill in chancery, brought by the heirs-at-law of Robert M. Reid, deceased, as tenants in common, to enforce the vendor's lien on certain lands descended to them, and which had been sold under an order of the judge of probate of Chambers county, by commissioners appointed for that purpose, on the petition of said heirs, in order to effect a division of the same. The sale was made on the 15th day of October, 1859, and duly reported and confirmed, as required by the statute then in force.

The sale was on a credit of twelve months, and the appellant, McIntosh, became the purchaser. The note to secure the purchase money was in the following words, that is to say : "October 15th, 1859. Twelve months after date, we or either of us promise to pay Samuel Fears, John Adkins,

and William F. Bonner, commissioners appointed to sell certain lands belonging to the heirs of Robert M. Reid, deceased, or bearer, the sum of six thousand and thirty-six dollars, with interest from the date, for value received.

M. E. McIntosh,<br>
Edwin Satterwhite,<br>
James R. Phillips."

McIntosh failed to pay this note when it became due, and the appellees, the heirs of Robert M. Reid, deceased, filed their bill to foreclose the vendor's lien on the lands thus sold on the 14th day of March, 1867. In the time that elapsed from the execution of said note to the filing of the bill, Satterwhite and Phillips had died, and their estates had become insolvent, and the bill was filed against McIntosh alone. The bill was answered and demurred to, and the causes assigned are as follows, to-wit: "1. There is no equity in the bill; 2. That the complainants show in the bill that they are not entitled to maintain the same; 3. That they are not the vendors of the respondent; that there is no privity of contract between them and the respondent, and that they have no right to proceed against him to enforce a vendor's lien; 4. That there is a misjoinder of parties complainant." This demurrer was overruled by the court below, and the lands were decreed to be subject to the vendor's lien in favor of the complainants in the court, and account was taken and the lands were decreed to be sold by the register, and the proceeds applied—first, in payment of the costs of the suit, and then in payment of complainant's debt for the purchase-money, until the same was satisfied; and the residue, if any, paid to the respondent. From this decree the respondent 'appeals to this court.

This was a sale of lands belonging to tenants in common, made under the act of the 5th of February, 1856, entitled, "An act to amend the act approved February 15, 1854, and to extend the jurisdiction of the probate courts of the several counties in this State."—Pamph. Acts 1855–6, p. 20, No. 32; Rev. Code, § 3120. Such sales are to be " conducted in all respects as is done when property in the hands of an executor or administrator is to be distributed."

*Ib.* p. 31, § 3. This direction is very general, and it is not wholly free from some confusion. The word "property" may include both real and personal property, and the mode of sale thus intimated may include the whole law upon sales both of real and personal property. If this is so, then such sale may be for cash or upon credit.—Pamph. Acts 1853-4, p. 45, No. 44, § 2 ; Code of Ala. §§ 1755, 1762, 1763, 1764. In case of lands, if the sale is upon a credit, no conveyance of the title will be made to the purchaser until he has paid the whole of the purchase-money.—Code of Ala. § 1770. If this be so, then the confirmation of the sale does not pass the title of the land sold to the purchaser, but only gives such validity to the sale as saves it from liability to be set aside. It does not complete the title so as to cut off the lien of the vendor for the payment of the purchase-money, which exists in equity in all sales of real estate for the unpaid purchase-money.—2 Sugd. Vend. p. 62, ch. 12 ; *McGonigal v. Plummer,* 30 Md. R. 422 ; *Conner v. Banks,* 18 Ala. 42 ; *Kelly v. Payne,* 18 Ala. 371 ; *May v. Lewis,* 22 Ala. 646 ; *Amory v. Reilly,* 9 Ind. 490 ; *Wade's Heirs v. Greenwood and Wife,* 2 (Rob.) Va. R. 474, 484 ; *Wood, Adm'r, v. Sullens,* 44 Ala. 686. I think that, from these authorities, it can scarcely be doubted that the heirs who were the owners of the lands sold, were in equity the vendors, and that the sale by the commissioners gave them the vendor's lien on the land for the purchase-money The bill, then, was not without equity, and the chancellor committed no error in refusing to dismiss it for this reason ; because such a lien may be enforced in equity.—*White v. Stover,* 10 Ala. 441 ; and cases *supra.*

Another objection to the bill is, that the heirs of Reid can not maintain this suit; but the same ought to have been instituted by the commissioners who made the sale, and to whom the note was made payable. The commissioners were really parties without interest, and wholly nominal. They had no property in the proceeds of the sale, and upon their death the note did not pass to their representatives, or to the representative of the survivor. The heirs were the only real parties, and the proceeds of the sale belonged wholly to them. They were the owners

of the land sold, and the vendors, at least in a court of equity.   The lien for the purchase-money is an equity which really belongs to them.   It was, then, competent for them to file their bill to enforce it.—*Hutton v. Williams*, 35 Ala. 503 ; *Robinson v. Garth*, 6 Ala. 204 ; 2 Rob. Va. R. 474, 484, *supra*.   This sufficiently answers the first, second and third objections to the bill, raised on the demurrer. The fourth, which complains of a misjoinder of parties complainant, is not sustained by the record.   All the complainants have a joint interest in the subject matter of the suit; and they are proper parties to the bill.   There is, then, no misjoinder of complainants.   These are all the grounds of demurrer specially set forth in the answer to the bill.   None besides these objections must be heard. Rev. Code, § 3350 ; 1 Chitt. Pl. 13, 14, 66 ; 2 Bouv. Law Dict. p. 185, *Misjoinder*.

There was a reference to the master to ascertain and report the balance due and unpaid on the above recited note, of principal and interest.   This was found to be six thousand seven hundred and seventy-two dollars and eighty-three cents ($6,772 83).   To this report there were no exceptions or objections, and it was regularly confirmed by the court.   The cause was then submitted for final decree on the pleadings and proofs, and the report of the register so confirmed as above said.   And the court thereupon decreed that there was six thousand seven hundred and seventy-two dollars and eighty-three cents due from the defendant to the complainants, for the purchase-money for said lands in the bill described, and that the complainants have a lien upon the lands in the bill described, for the purchase-money so reported by the register as above said, and the said lands were ordered to be sold to pay the same, unless the said defendant, McIntosh, paid the same within ten days after the adjournment of the court.   This decree is here assigned for error.   But the foregoing discussion shows that such assignment can not be sustained. It is sufficiently sustained by the proofs ; and upon the pleadings and the evidence upon which it is based, it is without error.

Let the decree of the chancellor below be in all things affirmed, at the costs of appellant in this court and in the court below.