CAMPBELL ET AL. *vs.* ROACH ET AL., ADM'R.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN.]

1. *Purchaser of land from one joint owner ; when charged with notice of the interests of another joint owner.*—A purchaser of land from one of two joint owners is chargeable with notice of the interest of the other, when it is shown by the conveyance to which he must look for the title of his vendor.

2. *Vendor's lien ; when retained and enforced.*—The vendor's lien upon land is retained as well when a conveyance is made as when only a bond for title is given, and it is not necessary to exhaust legal remedies before resorting to its enforcement.   The lien follows the consideration, unless an intention to interrupt it is shown.

3. *Purchaser for valuable consideration without notice ; defense of.*—The defense of a purchaser for a valuable consideration without notice, is not available if the money has not been paid.

APPEAL from Chancery Court of Choctaw.
Heard before Hon. JOHN Q. LOOMIS.

THE facts appear in the opinion.

COLEMAN, and BROOKS & HARALSON, for appellant.

[Appellant's brief did not come into Reporter's hands.]

WALKER, MURPHEY & WINTER, *contra.*—The question whether a vendor must, as a condition precedent to the enforcement of his lien, exhaust his remedy, is *res adjudicata* in this State. In *Owen v. Moore & Dobbins*, 14 Ala. 647, the following language is employed in reference to a case where there was a conveyance, and where the note for the purchase-money was transferred by delivery : "It will abundantly appear from the citations we have made, that it is not a pre-requisite to the enforcement of an equitable lien, that the complainant should have exhausted his legal remedies, without obtaining satisfaction of his demand."

The fact that the notes taken by Mrs. Tankersley were payable to her wards does not injuriously affect her lien. She was the owner of the notes, and remained the owner. The making of the notes payable upon their face to her wards did not invest them with the property in the notes. They were given with the intention of delivery to her wards, but that intention was never carried into effect, and consequently no right to the notes ever passed to her wards.

Campbell was not an innocent purchaser for valuable consideration without notice. It is sufficient to defeat the plea, that notice was given before payment of the purchase-money.—*Wells v. Moore*, 38 Ala. 125. Catterlin swears he gave notice to Campbell when one-half of the purchase-money was unpaid. Catterlin, upon this point, is contradicted by Campbell, but his testimony is to be preferred to Campbell's for two reasons : First, he testifies positively ; and, second, he is disinterested, while Campbell swears to relieve himself from a heavy liability, and testifies to a negative.

B. F. SAFFOLD, J.—The decree appealed from enforces a vendor's lien upon land in favor of the appellees against the appellants. The facts which may be considered as established by the evidence in support of the decree, are as follows : W. C. Winston and his sister, Mrs. Rosina Tankersley, being joint owners of a tract of land obtained by purchase from Gaines, agreed to sell it. In pursuance

of this agreement, Winston sold it to J. C. Coleman, with a considerable quantity of personal property owned by him individually.

The sale of all the property was under one contract, but the items were valued separately, the land being estimated at eleven thousand, one hundred and thirty-seven dollars and fifty cents. The separate deed for the land was executed by Winston alone, and purported to convey the entire interest under a warranty of title, as if he were the sole owner.

Mrs. Tankersley refused to confirm the sale at the time, but subsequently, on receiving from Coleman the notes described in the bill, she filed for record her conveyance of her half interest to her brother, Winston.

Coleman afterwards conveyed the land by deed to D. L. Campbell, and the latter sold it to Gray, giving bond for titles.

It is manifest from several considerations, that Coleman was not a purchaser without notice of Mrs. Tankersley's interest. If he had looked beyond Winston's apparently exclusive possession, as he was bound to do, he would have discovered the deed from Gaines.—*Dudley v. Witter*, June term, 1870. Winston testifies that he told him at the time of their contract that his sister was a joint owner with him. Catterlin also deposes that he informed him of it when, as agent for Mrs. Tankersley, he proposed to him to make the notes which were made payable to her. In fine, he procured her interest only by her deed to Winston, executed in consideration of those notes.

This court has frequently declared it to be settled, that the vendor, in the absence of an agreement to the contrary, retains a lien on the land he has sold *and conveyed* for the unpaid purchase-money, and that it will be enforced against a subsequent purchaser with notice.—*Burns v. Taylor*, 23 Ala. 255; *White v. Stover*, 10 Ala. 441; *Roper v. Mc-Cook et al.*, 7 Ala. 318. In *Owen v. Moore & Dobbins*, 14 Ala. 640, it was not only held that the lien attached notwithstanding the conveyance; but that it was not necessary to exhaust legal remedies before resorting to it. Why should a resort to legal remedies be required? The prin-

ciple rests upon the just foundation, that whoever would acquire the property of another, must pay him an adequate compensation. A subsequent purchaser can always pro- tect himself against his immediate vendor.

It matters not that Mrs. Tankersley had the notes made payable to her as guardian of her children. The lien fol- lows the consideration, unless an intention to cut it off is shown.—*Conner et al. v. Banks*, 18 Ala. 42.

Campbell's answer is not evidence, because it is not sworn to. He was obliged to deny notice, to be heard on that point.—*Johnson v. Toulmin*, 18 Ala. 50. His testi- mony that he had no notice, is directly contradicted by that of Catterlin, who informed him before he had paid more than half the purchase-money. Under this state of the case, we can not conclude that the chancellor erred in so charging him.—*Wells v. Morrow*, 38 Ala. 125; *Porter v. Jenkins*, January term, 1871. Gray has not paid any- thing for his purchase.

The decree is affirmed.