[Woodward v. Echols.]

# Woodward *v*. Echols.

### *Bill in Equity to Enforce Vendor's Lien.*

1. *Transfer of purchase-money note; when does not pass equitable lien.*—A transfer by delivery of a promissory note given to the vendor for the purchase-money of lands, if made subsequently to the conveyance of the legal title, does not pass the equitable lien of the vendor.

2. *Same; when operates to pass security for the debt; relation created between the parties.*—Where the transfer of the note was prior to the conveyance of the legal title which remained in the vendor as a security for the purchase-money, the relations of the parties was, in legal effect, that of mortgagor and mortgagee; and, whatever may have been the form of the transfer, the security which was incident to the debt passed by a transfer of the debt—the contrary not being stipulated.

3. *Same; vendor and vendee, no power to impair transferree's security; subsequent conveyance subordinate*—The vendee, having knowledge of the transfer of the debt before the conveyance was executed, it is not within the power of him and the vendor to impair such security after the transfer of the note—the subsequent conveyance is subordinate to the security, and is no obstacle to its enforcement.

4. *Same; effect of taking new note from vendee in lieu of old.*—Where the transferee, subsequent to the conveyance of the legal title, takes, in lieu of the old note, a new note from the vendee, extending the time of payment, the security is not thereby impaired—especially when all intention to waive it is negatived by the recital in the new note of its original consideration.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. N. S. GRAHAM.

Bill was filed by Felix D. Woodward, appellant, against Thomas M. Echols, appellee. The facts are, that appellee purchased from one Henry Norvell a certain tract of land, described in the bill ; that he paid about $600 cash, and gave Norvell his note for the balance—$800—payable on the 25th of December, 1874; that Norvell executed his deed to Echols, who took possession of the premises ; that shortly after said purchase, Norvell transferred said note, before it became due, to appellant for a valuable consideration; that after said note became due, Echols (the vendee) made a payment thereon, and gave a new note to appellant for the balance, payable about the 25th of December, 1875 ; that on the 10th of February, 1876, Echols made a small payment on said note, and gave another new note to appellant, dated February 10th, 1876, for $670.50, due and payable December 25th, 1876 ; that each of said notes described on its face that it was given for the " last payment on said land."

The bill avers that the last mentioned note is due and unpaid, and prays that the same be declared as creating a ven-

[Woodward v. Echols.]

dor's lien on said land, and that a sale be made for its payment, &c.

The Chancellor overruled the demurrer and decreed the complainant not entitled to relief, and dismissed the bill.

The overruling of the demurrer, and the decree, are now assigned as error.

The appellee answered and demurred to the bill.

C. G. Richards, for appellant.

Oliver & Garrett, contra.

BRICKELL, C. J.—1. The transfer by delivery of the promissory note given to the vendor for the purchase-money of the lands, if it had been made subsequent to the conveyance of the legal title, would not have passed the equitable lien of the vendor.—*Bankhead v. Owen,* at present term ; *Hightower v. Rigsby,* 56 Ala. 126.

2. The transfer of the note was, however, prior to the conveyance of the legal title. The legal title remaining in the vendor as a security for the purchase-money, the relation of the parties was, in legal effect, that of mortgagor and mortgagee. The transfer of the note for the purchase-money, whatever may have been its form—whether by delivery or in writing freeing the vendor from responsibility for its ultimate payment—was a transfer of the security for its payment, or rather the security which was incident to the debt, passed by a transfer of the debt, the contrary not being stipulated.

3. The appellee had knowledge of the transfer of the debt, before the conveyance to him was executed. It was not within the power of the vendor and of the appellee, to impair the security for the debt after the transfer to the appellant. The conveyance subsequently made, is subordinate to it, and offers no obstacle to its enforcement.

4. The taking a new note from the appellee, extending the day of payment, did not impair the security, and all intention to waive it is negatived by the recital in the note of its original consideration.—*Conner v. Banks,* 18 Ala. 42; *Boyd v. Beck,* 29 Ala. 703 ; *Bryant v. Stephens,* 58 Ala. 636.

The decree of the Chancellor is erroneous, and must be reversed, and the cause remanded.