## ANSLEY'S ADM'R *vs.* KING'S ADM'R.

[BILL IN EQUITY TO CORRECT ERRORS IN PROBATE DECREE.]

1. *Limitation of equitable relief against probate decree.*—Two years is the limitation prescribed by the statute, (Code, § 1915,) for filing a bill in chancery to correct an error of law or fact in the settlement of an estate before the probate court.

2. *Remandment of cause for amendment of bill.*—When a demurrer is interposed to a bill in chancery, on the ground (among others) that it shows on its face that the right to relief is barred by the statute of limitations, if the complainant does not ask leave to amend, by correcting a clerical error in the statement of a date, the appellate court will not remand the cause, at his instance, in order that he may have an opportunity to amend.

APPEAL from the Chancery Court of Lowndes.
Heard before the Hon. WADE KEYES.

THE bill in this case was filed, on the 28th August, 1856, by Robert L. Mayes, as the administrator of Mrs. Teresa Ansley, deceased, against O. P. King, as the administrator of Jeremiah Smith, deceased, for the purpose of correcting several errors in the decree of the probate court on the final settlement and distribution of said Smith's estate; and was afterwards revived against King's

administrator. The bill alleged, that the decree of the probate court was rendered on the 2d May, 1854 ; but an exhibit to the bill, containing the complainant's bill of exceptions to the rulings of the probate court on the settlement, showed that the decree was rendered on the 2d May, 1855. The defendant demurred to the bill, and assigned as one ground of demurrer, that the bill showed on its face that it was filed more than two years after the rendition of the decree complained of. The chancellor sustained the demurrer, and dismissed the bill, without stating the ground on which his decision was placed ; and his decree is now assigned as error.

THOS. WILLIAMS, for appellant.
WATTS, JUDGE & JACKSON, *contra*.

R. W. WALKER, J.—Section 1915 of the Code is in these words : " Where any error of law or fact has occurred in the settlement of any estate of a decedent, to the injury of any party, without any fault or neglect on his part, such party may correct such error by bill in chancery, within two years after the final settlement thereof; and the evidence filed in the court of probate, in relation to such settlement, must be received as evidence in the court of chancery, with such other evidence as may be adduced."

The bill in this case was filed on the 28th August, 1856. Its only purpose is to correct mistakes made on the final settlement of an estate in the probate court. It is expressly alleged, that the decree sought to be corrected was rendered on the 2d day of May, 1854. The bill thus shows, upon its face, that it was not filed within two years after the final settlement. This specific objection was pointed out by the demurrer interposed by the defendant; and if the allegation of the bill as to the date of the decree was a clerical error, the complainant should have corrected it in the court below. It is too late to do so here.

The decree of the chancellor must be affirmed.