# Buford *v.* McCormick.

*Bill in Equity to Enforce Vendor's Lien.*

1. *Defense of bona-fide purchaser without notice ; necessary averments and proof.*—Where one sets up the defense in equity of being a *bona-fide* purchaser without notice, to avail himself of such defense, he must aver and prove, among other things, that the purchase-money was paid without notice, and that he had no notice at or before the date of the execution of the deed.

2. *When notice immaterial.*—Where a defendant, under a plea of *bona-.fide* purchaser, without notice, fails to prove payment of the purchase-money, the question of notice as to him is immaterial.

3. *Vendor's lien enforced in favor of subsequent holder of claim.*—It is well settled that in the absence of an agreement to the contrary, either express or implied by law, the vendor of real estate retains a lien for the pay-

[Buford v. McCormick.]

ment of the unpaid purchase-money, which lien will be enforced in favor of ' any subsequent holder who becomes rightfully the owner of the claim.

4. *Vendor's lien in favor of judgment creditor; when created.*—Where a creditor, after judgment against a principal and surety, causes the levy of execution on the principal's land, and the surety in pursuance of an agreement with the creditor, purchases at the sale, receiving the sheriff's deed, and executes a note to the creditor for the amount of the judgment, such note constitutes a vendor's lien on the land in favor of the creditor, or one to whom he transfers it.

APPEAL from Chancery Court of Barbour.

Heard before the Hon. B. B. McCRAW.

On September 3, 1866, one Lewis L. Cato executed to one Robert D. Thornton his promissory note for $2,464, under the following circumstances : Said Thornton was the executor of·one John W. Levy, and as such executor had obtained judgment against one John W. Johnston *et al.* and· said Cato—the latter being security in said judgment. Execution was levied upon the real estate of said Johnston *et al.*,. which real estate was advertised for sale by the sheriff, and on the day of sale said Cato, and Thornton, at Cato's request, . entered into a verbal agreement by which said Cato was to · purchase said land at the sale, and execute his promissory note to said Thornton for the amount of said judgment, such note to be a purchase-money lien, and to have the same force · and effect as if the said Thornton had purchased the said real estate, and then sold and.conveyed it to said Cato. This · agreement was carried out, and Thornton received the note with the understanding that it was to be a lien upon the land.. Cato afterwards, in 1868, died without having paid the note or disposed of the land. The note is now held by complainant (appellee), who claims that it was transferred to him, . together with the lien upon the land. Soon after the death of Cato, one James M. Buford, a defendant in this cause,. levied upon said real estate upon an execution issued since Cato's death, under a judgment obtained against Cato in his life-time. A sale was made under such levy, and said Buford became the purchaser, to whom the sheriff made a deed of· the land. Complainant avers that Buford purchased said real estate, with notice that complainant held said note as a lien upon said land. · The prayer of the bill is to have the said note declared a lien upon the lands, and that the equity of redemption in said real estate held by any of the parties in this suit be foreclosed, and a sale made of the land for the purpose of paying complainant whatever sum may be due him.

In his answer to the bill, Buford denies that he purchased.

[Buford v. McCormick.]

said real estate, with notice that complainant held said note as a lien upon said land, but avers that he never heard of the note before the filing of complainant's bill. Buford also demurs to complainant's bill, and assigns as special grounds the following: *First*, because there is no equity in the bill; *second*, because the said bill is a regular "fishing smack," and ought to be set adrift out of this court; and, *third*, because there is a misjoinder of parties defendant. (John M. McKleroy, as administrator of Cato, was a party defendant.)

On final hearing upon the bill, answers, and testimony the court decreed that the complainant was entitled to the relief prayed for, declaring the said note to be a lien upon the land, and ordering a sale thereof to satisfy the note, and vesting the title in the purchaser. From this decree the defendant appeals to this court, and makes the following assignment of errors: *First*, the decree of the chancellor that complainant had a lien upon the land, and ordering a sale thereof to pay the note described in the bill, and vesting the title to said real estate in the purchaser thereof at the register's sale; *second*, in not dismissing the bill for the want of equity; *third*, in not sustaining the demurrer to the bill, for want of equity; *fourth*, in decreeing that complainant was entitled to relief.

J. L. PUGH, for appellant.

SEALS and WOOD, *contra.*

No briefs came to Reporter.

STONE, J.—1. In *Wells v. Morrow,* 38 Ala. 128, speaking of the defense of *bona-fide* purchase without notice, we said: "There is no averment in the answer that Mr. Morrow had paid the purchase-money for the land; and hence his defense of purchaser without notice must fail on that account. . . The averment must be, not only that the purchaser had not notice at or before the date of the execution of the deeds, but that the purchase-money was paid before notice. There must not only be a denial of notice before the purchase, but a denial of notice before the payment of the money." To the same effect is *Moore v. Clay,* 7 Ala. 742.—See Sto. Eq. Juris. § 1502; Mitf. Ch. Pl. marg. p. 275.

In Sto. Eq. Pl. § 805, it is said, the plea must aver "the consideration for, and actual payment of it; a consideration

[Buford v. McCormick.]

secured to be paid is not sufficient." We have found no authority in conflict with this. The answers of defendant Buford, while he denies notice, fail to aver the payment of any money. McKleroy does not aver such payment, directly. There is no proof of any payment, other than the recital in the deed from McKleroy to Buford, which is not evidence against McCormick. Whether, if such payment had been averred and proved, sold as this land was, it would avail the purchaser as a defense against an unknown equity, we need not inquire.—See Sto. Eq. Ju. § 1503 *b ;* *Whitforth v. Guaguier,* 3 Hare 416 ; *French v. Millard,* 2 Ohio Stat. 44 ; *Fox v. Mensch,* 3 W. & Sarg. 446 ; *Waldon v. Gridley,* 36 Ill. 532 ; *Beckley v. Biddle,* 33 Penn. Stat. 276 ; *Mellen v. Boarman,* 13 Sm. & Mar. 100 ; *Banks v. Ammon,* 27 Penn. St. 175 ; Ror. on Jud. Sales, § 459–60.

Of the sheriff sale, and purchase under it, set up in the answer of Buford, it is enough to say that the record furnishes no proof whatever in support of this averment, even if it had been well pleaded. This branch of the defense, like the other, contains no averment that anything was paid.

2. Having shown that appellant has failed, alike in his averments and proofs, to fortify his position as one of a *bonafide* purchaser without notice, we come to the remaining inquiry : Has the complainant below made a case of lien upon the lands for the note sued on? He has proved every material averment of his bill, except the one in which he alleges that Buford had knowledge of the existence of the note and lien. Buford having failed to aver and prove himself a *bona-fide* purchaser, under the rule above declared, the averment of notice has become immaterial.

3. It is settled, in this State, by an unbroken chain of decisions, that a vendor of lands, in the absence of an agreement to the express contrary, express or implied by law, retains a lien on the land he has sold and conveyed, for the unpaid purchase-money—*Foster v. Atheneum,* 3 Ala. 302 ; and this principle applies to an unpaid difference promised in an exchange of lands.—*Burns v. Taylor,* 23 Ala. 255. The lien is intended for the security of the vendor, and will be enforced in favor of any holder, who becomes rightfully the owner of the claim or demand for the unpaid purchase-money.—*Hall v. Click,* 5 Ala. 363 ; *Wells v. Morrow,* 38 Ala. 125 ; *White v. Stoner,* 10 Ala. 441 ; *Conner v. Banks,* 18 Ala. 42 ; *Kelly v. Payne,* 18 Ala. 371 ; *Magruder v. Campbell,* 40 Ala. 611 ; 2 Wash. Real Prop. marg. p. 504, *et seq.*

4. In the case of *Bunkley v. Lynch,* 47 Ala. 210, Lynch

and wife had executed a mortgage to K. & Co. to secure the debt of Lynch, amounting to two thousand dollars. Subsequently they sold and conveyed the same lands to R., with warranty of title, " with the exception of a mortgage on said lands, executed by us [Lynch and wife] on the 15th day of January, 1866, to K. & Co., to secure the payment of two· thousand dollars, . . . which debt the said R. binds himself to pay to said K. & Co. without any claim or recourse on us." The purchase-money, six thousand dollars, was paid by R. to Lynch, and, in addition, as part of the· consideration, he, R., promised to discharge said debt of two thousand dollars, due from Lynch and wife to K. & Co. R. failed to pay the two thousand dollars to K. & Co.; and in suit against Lynch and wife, brought by K. & Co. to recover the same, it was decided that neither Mrs. Lynch, nor the mortgaged premises, was liable for the claim. Thereupon Mrs. Lynch filed her bill to enforce a vendor's lien against the said lands, for the recovery of said two thousand dollars, which it was alleged was unpaid purchase money due to her. It was decided that she was entitled to it, and that she had a lien on the lands for its payment.—See, also, *Moreton v. Harrison*, 1 Bland, 491 ; *Iglehart v. Armiger*, id. 519 ; *Manly v. Slason*, 21 Ver. 278 ; *Chilton v. Braiden*, 2 Black, 458. In *Toby v. McAllister*, 9 Wis. 463, it was ruled that " when a party sold land, and received a part of the consideration money, and was induced to accept notes and mortgages for the balance, which were worthless, and which the purchaser knew to be so at the time of the sale, this was a fraud on the vendor, and he had a lien on the land for the purchase-money." The court, quoting from Mr. Story, said : " The principle upon which courts of equity have proceeded in establishing this lien, is, that a person who has gotten the estate of another, ought not in conscience, as between them, to be allowed to keep it, and not pay the full consideration."—Sto. Eq. Ju. § 1219; *Latham v. Staples*, 46 Alabama, 462 ; *Hamilton v. Gilbert*, 2 Heisk. (Tenn.) 680. Johnson owed Thornton a debt, in judgment, to which Cato was a party as surety. Between Cato and Johnson, the former had the right to demand that the property of the latter should extinguish the debt. The effect of the arrangement between the parties, was a sale of Johnson's land to Cato, and a note for the purchase-money given by Cato ; which, for convenience, was made payable to Thornton, the common creditor of both. If the note had been made payable to Johnson, and properly transferred to Thorn-

[Leffler v. Lehman, Durr & Co.]

ton, no one would deny that a vendor's lien was retained. We think, in equity, the vendor's lien is as effectually preserved in the trade consummated, as it would have been in the arrangement supposed. We attach no importance to the oral declarations and promises of Mr. Cato. The lien springs out of the facts that the note was given as the consideration-money of the land—that Cato received and enjoyed the property, and that he did not pay the purchase-money. The land, in Cato's hands, stood charged with a lien and trust for the payment of the debt; and we have shown above that appellant has not established in himself a better equity than Cato could have asserted.—See *Hamilton v. Gilbert, supra.*

Decree affirmed.