# Allen v. Clarke.

*Bill in Equity to enforce the Lien of a Note given for the Purchase Money of Land.*

1. *Bill to enforce lien of purchase money note; when barred by statute of limitations of twenty years.*—On a bill filed to enforce a lien on a note given for the purchase money of land the following facts were averred: In 1869 S. sold to C., his mother, certain land, taking her note for a part of the purchase money. S. died in 1887, and directed in his will that said note should not be collected during C.'s lifetime Com-

[Allen v. Clarke.]

plainant was appointed administrator of S.'s estate, and in the final settlement of his administration of said estate made in the chancery court in 1890, it was decreed that he should have a lien on said note of C. for the amount ascertained to be due him on said final settlement from S.'s estate and for the costs of the administration, which he was ordered to pay and did pay. It was further decreed on this final settlement that said note, after payment of the amounts decreed to be due complainant, should belong to certain named persons, who were the only heirs-at-law of S. C. died in 1891; and in 1892 her executor sold the lands she had purchased from S., and had part of the proceeds of the sale when the bill was filed. The complainant filed the present bill in 1893 against the executor of C. and the heirs-at-law of S. to whom it was decreed the said note belonged after payment of complainant. There was no averment that said heirs were parties to complainant's final settlement of S.'s estate in the chancery court, nor was it averred that they were the sole heirs and distributees of S.'s and C.'s estates. The prayer of the bill was that the lien declared on said purchase money note in favor of complainant, for the payment of the amount ascertained to be due him, be decreed a lien on the proceeds of the sale of said lands in the hands of C.'s executor, and that said executor be declared to pay the same. *Held:* that the said purchase money note executed by C., in respect to its promise to pay, was barred by the statute of limitations of ten years, and, in respect to its lien upon the land sold, it was barred by the lapse of twenty years when the bill was filed; and that as it was not averred in the bill that the heirs who are made defendants were parties to the settlement of S.'s estate in the chancery court and that they were the only heirs and distributees of both estates, they are not shown to be estopped to set up the statute and staleness of demand, and that, therefore, a demurrer raising this defense was properly sustained.

APPEAL from the Chancery Court of Franklin.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on December 11, 1893, by the appellee, John K. Clarke, against J. C. Allen, as the executor of the will of Catherine Anderson, deceased, and against Lelia Bullock, Jessie Anderson and Dona Anderson. The bill averred the following facts: Some time in the year 1876 or 1877, S. S. Anderson died testate, and James E. Moore who was named as executor in his will was duly appointed and qualified. Upon the death of Moore, the complainant John K. Clarke was appointed the administrator *de bonis non* with the will annexed of the estate of S. S. Anderson, deceased. Some time in the year 1869, the said S. S. Anderson sold and conveyed to his mother, Catherine Anderson, certain described lands, situate in Franklin county, and in part payment therefor took a

note of Catherine Anderson for the sum of five hundred dollars. In his will, S. S. Anderson directed that said note should not be collected in the lifetime of his mother Catherine Anderson, or of his father. When John K. Clarke was appointed administrator of the estate of S. S. Anderson, the said note came into his hands as such administrator. On August 19, 1890, John K. Clarke made final settlement of his administration of the estate of S. S. Anderson in the chancery court of Franklin county, and on said final settlement, it was ascertained that the estate was indebted to said Clarke in the sum of $149.47; and it was further ascertained that certain amounts were due by said estate as costs in the chancery court and probate court of Franklin county. On said final settlement, the chancellor decreed that John K. Clarke pay said costs in the chancery and probate courts, and that he should have a lien on the note due by Catherine Anderson for the amount ascertained to be due him on the final settlement, and also for the two cost bills. Clarke paid said cost bills, as ordered by the court. Frederick Anderson, the father of S. S. Anderson, died prior to January 5, 1891, on which day Catherine Anderson died, leaving a will. John C. Allen was named executor of the will of Catherine Anderson, and qualified as such. On December 12, 1892, J. C. Allen, as the executor of the said Catherine Anderson, sold and conveyed to Walter Moore the lands which had been sold to Catherine Anderson by S. S. Anderson. The price of the lands sold to Moore was $1,500; one half of which was paid in cash. Upon J. C. Allen proposing to pay out of the proceeds of said sale said note due to the estate of S. S. Anderson, Lelia Bullock, Jessie Anderson and Dona Anderson, who were the only heirs-at-law of S. S. Anderson, deceased, "to whom said note was decreed, after payment of the said amounts due the complainant, John K. Clarke," forbade said Allen paying the sum, which had been decreed to Clarke, and made a lien on said note. When the bill was filed, Allen had in his possession the proceeds of said sale.

The prayer of the bill was, that it be referred to the register to state an account of the amount due the complainant from the estate of S. S. Anderson, and that the amount so found to be due be decreed to be a lien on the funds in the hands of the said J. C. Allen, as executor of

[Allen v. Clarke.]

the will of Catherine Anderson, which funds were obtained from the sale of the lands sold to Catherine Anderson by S. S. Anderson, and that said Allen, as such executor, be decreed to pay the amount ascertained to be due the complainant.

The respondents demurred to the bill upon several grounds, one of which was, that the claim for the purchase money of the land was barred by the statute of limitations of ten and twenty years, and was not enforceable.

Upon the submission of the cause, upon the demurrer, the chancellor decreed that it was not well taken, and overruled each ground of the demurrer. The respondents appeal from this decree, and assign the same as error.

ALMON & BULLOCK, for appellants.—The claim of complainant is stale and barred by the statute of limitations. *Beadle v. Steele*, 86 Ala. 421; *Wright v. Paine*, 62 Ala. 340; 3 Brick. Dig., 618, § 10.

SIMPSON & JONES, *contra*.

McCLELLAN, J.—It is very clear on the averments of the present bill that the purchase money note, executed by Catherine Anderson to S. S. Anderson in 1869 was barred, in respect of the promise to pay, by the statute of limitations of ten years, and, in respect of its lien upon the land sold, by the lapse of twenty years when this bill was filed. It does not appear that the respondents to the bill have estopped themselves to set up the statute and staleness of demand. This defense they now make by demurrer to the bill; and it should have been sustained by the chancellor.

If Mrs. Bullock and Jessie and Dona Anderson were parties to the final settlement of the estate of S. S. Anderson in the chancery court and took this note charged with complainant's debt against the estate under the decree there rendered, they would now be estopped to defeat complainant's demand by pleading staleness or the statute of limitations: they could not take under the note except in recognition of the charge put upon it by said decree. But the bill does not show that they were parties to that proceeding and decree.

If they were such parties, and thus estopped, the

executor of Catherine Anderson would still be under a duty to plead the statute and staleness against complainant's demand which is sought to be enforced by subjecting the proceeds of *land* of the estate sold by him, (*Teague v. Corbitt, Admr.,* 57 Ala. 529), unless the said Mrs. Bullock, Jessie and Dona Anderson are the sole heirs and distributees of both the estates—Catherine Anderson's and S. S. Anderson's. It does not appear whether these parties are the only heirs and distributees or not.

The assignments of demurrer which went to the staleness of said purchase money note as a claim against the estate of Catherine Anderson should have been sustained. The other assignments are without merit.

Reversed and remanded.