# Nashville C. & St. L. Ry. *v.* Proctor.

### *Bill to Quiet Title.*

#### (Decided July 2, 1907.   44 South. 669.)

*Quieting Title; Who May Sue; Administrator.*—The legal title at the death of the testator to his land descends at once to his devisees or heirs, and an administrator with the will annexed, although in possession of the land forming a part of the estate cannot maintain a bill to quiet title thereto under section 809, et seq., Code 1896.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. Simpson.

Bill by John F. Proctor as administrator with the will annexed, of the estate of one Anderson, deceased, against the Nashville, Chattanooga & St. Louis Railway, to quiet title to certain lands therein described. From the decree granting relief respondent appeals. Reversed and rendered.

OSCAR R. HUNDLEY, for appellant. The authority for filing a bill in this case is purely statutory, and only those named in the statute can file such a bill.—*Johnson v. Johnson,* 41 South. 522; *Randle v. Daughdrill,* 39 South. 162; *Ladd v. Powell,* 39 South. 46.

JOHN B. TALLEY, and VIRGIL BOULDIN, for appellee. The answer fails to set forth facts required by the statute.—*Love v. Coker,* 39 South. 92; *Parker v. Boutwell,* 119 Ala. 299; *Slossom v. McNulty,* 125 Ala. 124. The answer does not follow the requirements of the statute. —*I. B. & L. Asso. v. Stock,* 124 Ala. 111; Id. 476. Counsel discuss other matters not touched on in the opinion.

ANDERSON, J.—The complainant, as administrator with the will annexed of John F. Anderson, deceased, filed this bill to quiet title to certain real estate therein described under article 9 of chapter 16 of the Code of 1896. Section 809, in prescribing who can maintain such a bill as the one in the case at bar, provides, among other things, that the complainant must claim to own the land involved, and therefore relates to the owner, rather than such a claim or right as is given an executor or administrator for the purpose of administering upon the estate. The legal title to the land, upon the death of the intestate or tesator, descends *eo instante* to the devisees or heirs, as the case may be, subject to be divested only for the purpose of administration. The executor or administrator is in no sense the owner of the land, and is not, therefore, authorized under the statute to maintain a bill to quiet the title to the land which is owned by the heir or devisee of the intestate or testator. It is true that the executor or administrator can maintain an action of ejectment for the lands of the estate for purposes of administration, and the recovery of the possession of same is, of course, essential to the discharge of his duties and the exercise of his powers, such as renting the land and selling it, when authorized by law or the will to do so, and which may become necessary in order to wind up the estate, and the right of the heir or devisee yields to the personal representative,

when he asserts his right to the same. But the authorities recognize no title in the personal representative to the land, simply authorizing him to bring ejectment for same, because it is a possessory action, and a possession by him of the land is necessary to enable him to dicharge his official duties.—*Landford v. Dunklin & Reese,* 71 Ala. 594; *Tarver v. Smith,* 38 Ala. 135; *Morgan v. Casey,* 73 Ala. 222.

This is not an action for the possession of land, but is a bill filed by one who would have to be in possession, actual or constructive, with a claim of ownership in order to succeed, and which said claim of ownership is distinguished from a mere right of possession for certain purposes, such as reposed in the personal representative. The right to successfully prosecute a bill under the aforesaid chapter being statutory, the remedy can be pursued only by those authorized by the statute, which does not include the complainant. It might be well that a personal representative should be authorized to clear the title to the lands of his intestate before putting it on the market for sale, as the price of land would be enhanced by previously settling disputed claims thereto; but we are dealing with the statute as it is, not as it should be. The decree of the chancellor is reversed, and one is here rendered dismissing the bill.

Reversed and rendered.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.