# Gulf Coal & Coke Co., *et al.* *v.* Appling.

## *Bill to Quiet Title.*

(Decided Nov. 25, 1908. 47 South. 730.)

1. *Quieting Title; Who May Maintain; Executors and Administrators.*—The executrix of a deceased claimant to them cannot maintain a bill to quiet title to lands in her representative capacity, under sections 809-813, Code 1896.

2. *Appeal and Error; Determination of Appeal.*—Where the cause was submitted to the chancellor on the pleadings and proof without an offer by complainant to amend in the court below, this court will not, on appeal remand a cause for the purpose of permitting such amendment but will reverse and render the decree that ought to have been rendered.

APPEAL from Walker Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Mattie W. Appling as executrix against the Gulf Coal & Coke Company, and others, to quiet title to land. On a decree from complainants respondents appeal. Reversed and rendered.

[Gulf Coal & Coke Co. et al. v. Appling.]

DAVIS & FITE, and R. W. STOUTZ, for appellant. The complainant as executor has no right to maintain this bill.—*N. C. & St. L. Ry. Co. v. Proctor,* 44 South. 669. Under the state of the evidence as shown by the record complainant did not have such possession as entitled her to maintain the bill.—*Ladd v. Powell,* 39 South. 46; *Randall v. Daughdrill,* 39 South. 162; *Foy v. Barr,* 39 South. 578; *Johnson v. Johnson,* 41 South. 522.

BANKHEAD & BANKHEAD, for appellee. The payment of taxes is not in any sense evidence of possession, and if there is any actual possession it may be a fact tending to show the extent of such possession.—*Jay v. Stein,* 49 Ala. 533; *Baucum, v. George,* 65 Ala. 259; *Coleman v. 1st Nat. Bank,* 115 Ala. 307. Constructitve possession accompanies the legal title.—*Smith v. Gordon,* 136 Ala. 498. A conveyance by an entryman prior to making final proof is absulutely void and passes no title.— *Millikin v. Carmichael,* 33 South. 9; *A. M. Co. v. Hopper,* 64 Fed. 553; *Marsten v. Rowe,* 43 Ala. 271; *McElyea v. Hayter,* 2 Port. 148.

DENSON, J.—This is a bill filed under the provisions of sections 809-813, art. 13, c. 16, Code 1896, to quiet the title to certain lands described therein. According to the statute, such bill may be filed only by a person claiming to own the land. In the recent case of *Nashville, Chattanooga & St. Louis Railway v. Proctor,* 152 Ala. 482, 44 South. 669, we held that an executor or administrator is not, within the contemplation of the statute, the owner of the land, and is not, therefore, authorized to maintain a bill to quiet the title to the land owned by the heir or devisee of his intestate or testator.

Mrs. Mattie W. Appling, in her representative capacity as executrix of the last will and testament of W. B. Appling, deceased, is the sole complainant in the present

bill. She cannot maintain the bill. It follows that the chancellor erred in decreeing relief to the complainant.

Counsel for appellee, in their brief, request that a decree dismissing the bill be not rendered by this court, but that the cause be reversed and remanded, in order that they may have opportunity, in the chancery court, to amend the bill by making Mrs. Appling, in her individual capacity, sole complainant. The cause was submitted to the chancellor on the pleadings and proof. No offer to amend was made in the chancery court; and this court is of the opinion in this state of the case that the decree of the chancellor should be reversed, and a decree here rendered dismissing the bill; and it is so ordered.

Reversed and rendered.

TYSON, C. J., and SIMPSON and McCLELLAN, JJ., concur.