# Tyson, *et al. v.* Austill.

### *Bill to Establish Lien Upon Lands.*

(Decided Dec. 21, 1909.   Rehearing granted June 30, 1910.
53 South. 263.)

*Pleadings; Conclusion of Pleader; Demurrer.*—Where one purchases mortgaged property and assumes and agrees to pay the mortgage debt as a part of the consideration for the purchase, and the seller files a bill after the statute of limitations has barred the mortgagee's right to enforce the mortgage debt as against the seller under her obligation as surety for the purchaser the allegation that the debt remained a subsisting liability against the seller was a mere conclusion of the pleader not supported by the, facts averred and hence, subject to demurrer.

APPEAL from Lowndes Chancery Court.

Heard before H'on. L. D. GARDNER.

Bill by Mary D. Austill against John R. Tyson, and others, to establish a lien upon land to the extent of the indebtedness which the purchaser agreed to pay and failed. From a decree overruling demurrers to the bill respondents appeal. Reversed and remanded.

GUNTER & GUNTER, for appellant.   The promise was for the benefit of the mortgage company and the company is prima facie the owner of that promise and it will be presumed that the company accepted the promise in the absence of an averment to the contrary.—*Young v. Hawkins,* 70 Ala. 370; *Coleman v. Hatcher,* 77 Ala. 217; *M. & M. Bank v. Coleman,* 81 Ala. 170; *Lienkauf v. Forcheimer,* 87 Ala. 258; *Dimmick v. Register,* 92 Ala. 458; *N. Ala. T. Co. v. Short,* 100 Ala. 333.   It follows that Austill had no vendor's lien upon the lands, and the only right left in her was exoneration, from a personal liability to the mortgage company.   While the statute of limitations is generally a personal privilege

and may be waived or asserted at one's election, yet where he has parted with his interest in the property, other persons standing in his place are entitled to avail themselves of all the advantages of the plea.—25 Cyc. 1005; Wood on Lim. sec. 41. Under the facts in this case Tyson was entitled to set it up.—19 A. & E. Enc. of Law, 184; 23 Cal. 16; 34 Ia. 384. The same principle was applied in this court in the case of *Harper v. Raisin Fert. Co.*, 48 So. 539. It is elementary that a demurrer confesses only facts that are well pleaded, and not conclusions or inferences of law or fact.—*Flewellen v. Crane*, 58 Ala. 627; 1 Dan. Ch. Pr. 601; 6 Enc. P. & P. 366; 12 Id. 1926. The allegation that the debt was a subsisting liability against the complainant was a mere conclusion of the pleader.—*Cameron v. Abbott*, 30 Ala. 416; *McDonald v. Mobile L. I. Co.*, 56 Ala. 468; *Jackson v. Rowell*, 87 Ala. 685; *Lawton v. Ricketts*, 104 Ala. 430; *Cockerell v. Gurley*, 26 Ala. 405; *Duckworth v. Duckworth*, 35 Ala. 70; *Seales v. Robinson*, 75 Ala. 368. Mrs. Tyson is not shown to have been a party to the purchase of these lands from Austill or to have been a party to the promise made by Tyson to the Mortgage Company, nor is she shown to be a subsequent encumbrancer within the meaning of the rule.—*Wells v. Am. M. Co.*, 109 Ala. 430.

W. P. McGaugh, and Powell, Hamilton & Lane, for appellee. The bill was not subject to any of the demurrers interposed. Under the facts alleged the vendor's lien still exists in favor of the vendor against the purchaser.—*Traver v. Eads*, 65 Ala. 191. The statute of limitation is a personal defense and Mrs. Austill can refuse to set it up. There was equity in the bill and the chancellor properly so held.—*Bunkley et al. v. Lynch*, 47 Ala. 210; *Buford v. McCormack*, 57 Ala. 428.

MAYFIELD, J.—The case made on appeal is thus
stated by counsel for appellee: "On the 26th day of
August, 1887, appellee bargained and sold to appellant,
John R. Tyson, six hundred (600) acres of land lying in
Lowndes county, and executed and delivered to him a
deed to said lands. At the time of the sale and convey-
ance of said lands to said Tyson, appellee was indebted
to the American Freehold Land Mortgage Company of
London, Ltd., in the sum of two thousand two hundred
and fifty dollars ($2,250.00), which fell due on the first
day of December, 1887, besides certain interest notes
mentioned and described in the bill. It is averred in
the bill that as a part of the consideration for the sale
and conveyance of the land by appellee to appellant
John R. Tyson the said Tyson assumed and agreed to
pay the debt owing by appellee to the American Free-
hold Land Mortgage Company. It is further alleged in
the bill that the said Tyson has failed to pay and dis-
charge said indebtedness to said mortgage company, and
that the same remains an existing liability against ap-
pellee. Under these averments, the bill seeks to estab-
lish a lien upon the lands therein named to the extent
of the indebtedness which the said Tyson had agreed to
pay to the mortgage Company, and which he failed to
pay. In its answer the mortgage company admits the
truth of the allegations contained in the bill of com-
plaint. Demurrers to the bill were interposed by the
appellant John R. Tyson, which were overruled by the
chancellor, and from the decree overruling said demur-
rers the appeal is taken in this case."

The equity of the bill, as contended by appellee, is
that Mrs. Austill has a vendor's lien upon the land for
the money agreed to be paid by Tyson to the mortgage
Company. If the averments of the bill are true (and
on demurrer they must be so construed), Tyson, the

grantee, became the principal to pay this mortgage debt of $2,250, originally due from Mrs. Austill to the mortgage company, and Mrs. Austill, the surety only; the land remaining a security for the same debt.—1 Jones on Mortg. 740-742; *Paine v. Jones,* 76 N. Y. 274; *Huyler v. Atwood,* 26 N. J. Eq. 504. Mrs. Austill having conveyed the lands to Tyson subject to the mortgage, and Tyson having agreed, as a part of the sale and conveyance, to pay the mortgage debt to the mortgagee, the only liability resting on Mrs. Austill thereafter to pay the debt as between her and Tyson was a personal one, and that of surety—Tyson being the principal debtor. This liability, of course, was barred by the statutory limitations of six years, though the right of the mortgagee to foreclose the mortgage or of the vendor to foreclose the lien might exist for 10 or 20 years, depending upon questions of adverse possession, etc., unnecessary here to discuss.—*Coyle v. Wilkins,* 57 Ala. 108; *Duval v. McCloskey,* 1 Ala 744.

Of course, Mrs. Austill has not now and has never had any right to foreclose the mortgage. She has no interest in the mortgage whatever, and none in the lands except in so far as they are security for a debt for which she was personally liable; but, so long as she is personally liable to pay that debt, she has an interest in the lands and may subject them to the payment of the debt, rather than pay it herself. Our decisions have declared that she has a vendor's lien, or one in the nature thereof, upon these lands, for the payment of this debt for which she is personally liable.—*Carver v. Eads,* 65 Ala. 191; *Bunkley v. Lynch,* 47 Ala. 210; *Buford v. McCormack,* 57 Ala. 428. But the moment Mrs. Austill ceased to be liable to pay this debt then her right to subject the land ceased. If Tyson paid the debt, if the mortgagee released her from payment, or if any other cause extinguished

her liability to pay the debt, then her right to subject the land to its payment terminated. She never had any right to the money that Tyson agreed to pay to the mortgage company. The mortgage company could give this money to Tyson without detriment to her. Tyson did not agree to pay this to her for the mortgage company, but agreed to pay it, in her stead, to the mortgage company. Tyson assumed her debt to the company. He owed it to the company, not to her. Immunity from that debt is all that she bargained for, and is all that she can ask. If the mortgage company assented to the contract between her and Tyson or ratified it, it was then and there chargeable with knowledge of the relation of principal and surety subsisting between her and Tyson; and if it released Tyson, the principal, it thereby released her, the surety; and if, by its fault, it cannot now enforce the debt against Tyson, then it cannot enforce it against her. No foreclosure, whether of the mortgage or of the vendor's lien, can possibly inure to her benefit, other than to protect her from liability to pay the mortgage debt. If she has no liability, she has no rights. The only right Mrs. Austill ever had after she sold and conveyed the land to Tyson was her equitable right to compel Tyson, the vendee, who was her principal, to discharge or pay the debt for her protecton as surety; and her only remedy was by bill to enforce her vendor's lien.—3 Pomeroy's Eq. Jur. § 1207, p. 2414.

It is clear from the averments of the bill that the mortgage company cannot now compel her to pay this debt. It affirmatively appears that its right of action is barred by the statute of limitations of six and ten years. Applying this rule to the averments of the bill, it shows no liability on Mrs. Austill to pay the mortgage debt, and therefore no right to foreclose her lien, if it could be said that she had such at the time of the

filing of the bill. If she cannot be made to pay the debt
(and she certainly cannot, if the averments of the bill
are true), why should she desire to enforce the lien?
The proceeds could in no event go to her, because she
never was entitled thereto. If it could be said that the
mortgage company could foreclose the mortgage, that
fact alone would not give Mrs. Austill the right to
foreclose her vendor's lien. Her bill, if filed in time,
would have to allege that she had paid the debt for
which she was surety, or show a state of facts which
would render it necessary to foreclose her vendor's lien
in order to protect her from the payment. The cases
of *Young v. Hawkins,* 74 Ala. 370, and *Coleman & Car-*
*roll v. Hatcher & Brannon,* 77 Ala. 221, were very much
like the present case, and certainly involved the identi-
cal questions of law. In the latter case, Stone, C. J.,
referring to the former, used the following language:
"In *Young v. Hawkins,* 74 Ala. 370, Hawkins was in-
debted to Payne by promissory note for part purchase
of lands, Hawkins then sold the lands to Young, and
in part purchase Young agreed to pay the note which
Hawkins owed Payne, and which had become the prop-
erty of another. Young then sold the lands to Hood,
who also promised in part purchase to pay the said
Hawkins note to Payne, unpaid in the purchase. In
this state of the case, and without paying the said note
he had given to Payne, Hawkins filed a bill against
Young and Hood, and sought to subject the lands to the
unpaid obligation they had each incurred to pay the
said Hawkins note given to Payne. The holder of that
note was not made a party. We decided he could not
recover, without first paying the Payne note. We said:
'It cannot be denied that if Hawkins, after making the
sale to Young, had extinguished the liability on the
note Young had promised to pay, Young, and probably

Hood, would have thereby become liable to pay the money to Hawkins, and he could then have maintained a bill against the two, and against the land. So Mrs. Waters, or whoever may be the rightful owner of Hawkins' unpaid purchase-money note, may maintain a bill against Young and Hood and the land on the promises to pay that note given in the several purchases made of Hawkins' allotted interest in the land. But, to maintain a bill by Hawkins alone on the state of facts first above supposed, it is necessary to aver the special facts which revest in Hawkins the right to demand and receive the money. This because Young was not required to promise, and did not promise to pay the money to Hawkins. The consideration moved from Hawkins, and the promise was made to him; but the promise was to pay the money to the holder of the note, and it was procured to be so made by Hawkins himself.' The principle settled by this case is that by having the promise made, as part of the contract, to pay the money to the holder of the note Hawkins gave in his purchase, he (Hawkins) disabled himself to assert ownership of the debt created in the Young purchase, unless he had either paid the original debt himself, or the holder of the note, being apprised of the arrangement, had repudiated it, and elected to look alone to Hawkins for payment." These same cases were cited and reviewed by the same Chief Justice in the case of *Dimmick v. Register*, 92 Ala. 458, 9 South. 79. It therefore follows that, before Mrs. Austill can enforce the vendor's lien against Tyson, she must show that she has paid this debt, or that the mortgage company has repudiated the contract between her and Tyson, by which Tyson agreed to pay her debt to the company, and that the company could or would proceed to make her pay the debt.—Authorities, supra. These defects of the bill were pointed out

by the demurrer, and the demurrer should have been sustained. The bill on its face also clearly showed that all the claims and rights asserted have been barred by the statute of limitations or lost by laches, and for that reason the demurrer should have been sustained.—*Allen v. Clarke,* 106 Ala. 600, 17 South. 713.

The bill is without color of equity or right as against Mrs. Tyson.

DOWDELL, C. J., and ANDERSON, MCCLELLAN, SAYRE, and EVANS, JJ., a majority of the court, are of the opinion that under the authority of note to section 1207 of 3 Pomeroy's Equity Jurisprudence, and of *Young v. Hawkins,* 74 Ala. 370, the bill had equity, and is not subject to any of the grounds of demurrer assigned, and that the decree of the chancellor must be affirmed.

Affirmed.

SIMPSON, J., concurs in the dissenting opinion of MAYFIELD, J., and is of the opinion that the decree should be reversed.

## On Application for Rehearing.

The majority of the court, including DOWDELL, C. J., and SIMPSON, MAYFIELD, and EVANS, JJ., are now of the opinion that the bill was subject to the demurrer interposed, and therefore that the decree overruling the demurrer was error to reverse.

The bill fails to show that complainant has paid the mortgage debt to the mortgagee, or that she can now be compelled by the mortgagee to pay it, without which she cannot maintain this bill.

The averment in the bill that "the debt remains a subsisting liability against complainant" is a mere conclusion of the pleader not supported by the facts averred; but the contrary is shown—that it is not a subsisting

liability. The demurrer, therefore, did not confess this allegation because not well pleaded, and it should have been sustained.

It therefore results that the application must be granted, and the affirmance set aside and a decree here rendered sustaining the demurrer to the bill.

ANDERSON, MCCLELLAN, and SAYRE, JJ., adhere to the former ruling, and think that the application should be overruled. They think that, inasmuch as the bill avers that the debt to the mortgage company "remains an existing liability against your oratrix," the demurrers which confess the averments of the bill were properly overruled.

Reversed and remanded.