[Fossett v. Turk, et al.]

# Fossett *v.* Turk, *et al.*

### Bill to Enforce Vendor's Lien.

(Decided Jan. 19, 1911.   54 South. 695.)

1. *Vendor and Purchaser; Bona Fide Purchaser; Who Are.*—One claiming to be a bona fide purchaser without notice of a vendor's lien for unpaid purchase money must show affirmatively not only that he purchased the interest for value, but had actually paid value therefor before notice of the lien.

2. *Same; Evidence.*—In an action to enforce a vendor's lien where the defense was a bona fide purchase for value without notice, statements of the respondent that he purchased or traded for the land do not afford sufficient evidence of actual payment.

3. *Deeds; Recital of payment; Affect as Evidence.*—As against a remote vendor the recitals of a deed are not even prima facie evidence of payment.

4. *Appeal and Error.*—As a rule on reversal the Supreme Court will not order an entry of judgment, unless a remandment will be of no benefit to the appellee; hence, in an action to enforce a vendor's lien defended on the theory of bona fide purchaser for value without notice, a reversal of the judgment for failure of respondents to prove payment of value, the case will be remanded where there is reason to believe that the lack of proof was due to an oversight of counsel, or was not pressed upon the chancellor's attention.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. H. SIMPSON.

Bill by H. W. Fossett against W. T. Turk and others, to enforce a vendor's lien. From a decree for respondents complainants appeal. Reversed and remanded.

STREET & ISBELL, for appellant. As to what is requisite in proof of a defense of bona fide purchaser for value without notice of a vendor's lien see.—*Craft v. Russell,* 67 Ala. 9; *Hooper v. Strohn,* 71 Ala. 75; *May v. Wilkinson,* 76 Ala. 543. Conceding the sufficiency of the pleading there is an entire failure of proof that the Turks paid anything of value for the land, and hence,

[Fossett v. Turk, et al.]

the entire interest should have been sold.—*Campbell v. Roach*, 45 Ala. 667; *Buford v. McCormack*, 57 Ala. 428; *Masterson v. Pullen*, 62 Ala. 145. This court will reverse and render the decree that the chancellor should have rendered, and will not remand that defendants may amend their proof.—Sec. 2890, Code 1907; *Gentry v. Rogers*, 40 Ala. 442; *Gulf C. & C. Co. v. Appling*, 47 South. 730.

JOHN A. LUSK, and E. O. McCORD, for appellee. The evidence discloses that neither Turk nor his wife had any knowledge of the lien or anything to put them on notice thereof. They were then innocent purchasers, and the burden was on complainant to prove notice.—*Burch v. Carter*, 44 Ala. 115; *Lambert v. Newman*, 56 Ala. 623; *Hightower v. Rigsby*, 56 Ala. 126.

SOMERVILLE, J.—The bill of complaint was filed by the appellant for the enforcement of a vendor's lien on certain land. The appellees set up in their answer that they were subvendees and bona fide purchasers for value as to a one-half interest in the land without notice of the original vendor's lien for unpaid purchase money. The testimony shows conclusively the existence of a lien for unpaid purchase money in favor of the appellant upon the entire interest as against the appellees' vendors. It therefore devolved on the appellees, in order to avoid the lien, to affirmatively show, among other things, that they had not only purchased their interest for value, but that they had actually paid value therefor before they had any notice of the lien.—*Buford v. McCormick*, 57 Ala. 428; *Masterson v. Pullen*, 62 Ala. 145. The testimony shows crearly that appellees purchased and took title without notice of the lien, but there is nothing to show that they paid anything of value there-

[Fossett v. Turk, et al.]

for. It is elementary law that the recitals of the deed are not even prima facie evidence of such payment as against a remote vendor. —*Buford v. McCormick*, 57 Ala. 428. Nor do the several statements in the testimony of the appellee W. P. Turk that he "purchased" or "traded for" the land even tend to supply the missing element. The decree of the chancellor was therefore erroneous in limiting the enforcement of the lien to a one-half interest in the land, and must be reversed. It is insisted for the appellant that this court in reversing should also render the decree which the chancellor should have rendered on the testimony before him.

In cases like the present it is always in the discretion of this court to either render or remand, and there are numerous cases in which upon reversal a final decree has been here rendered.—*Gulf Coal & Coke Co. v. Appling*, 157 Ala. 325; 47 South. 730; *Ansley v. King*, 35 Ala. 278; *Gentry v. Rogers*, 40 Ala. 442, 450; *Williams v. Barnes*, 28 Ala. 613; *Edwards v. Edwards*, 30 Ala. 394; *Flake v. Day*, 22 Ala. 132; *McKinley v. Irvine*, 13 Ala. 681. These cases indicate that the policy of rendering a final decree without remandment is based upon the fact that the ground of reversal was specially brought to the notice of the appellee in the court below, or that remandment could not benefit the appellee unless he were allowed to amend his bill or pleadings in the court below, thereby making a new case, or for some similar and sufficient reason. In some cases this court has simply dismissed a bill without prejudice to the complainant so as to preserve his cause of action if any he had.—*Munchus v. Harris*, 69 Ala. 506, 510. As a general rule, the discretion of courts should be so exercised as to advance justice and right, and not to promote their miscarriage. In the present case, we infer from the record that counsel for appellees simply overlooked

[Zirkle, et al. v. Ball, et al.]

the matter of making direct proof of a valuable payment, and that most likely the omission was not pressed upon the chancellor's attention before he rendered his decree. While, therefore, our action in this case is not to be taken as a pledge of indulgence for the ordinary derelictions of counsel, we think the cause should be remanded for further proceedings under the orders of the chancellor. The costs of this appeal will be paid by the appellees.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concurring.