# Austill v. American Freehold Land Mortgage Co.

*Bill to Establish Liens Upon Lands.*

(Decided May 9, 1912. 59 South. 64.)

*Pleadings; Mortgagor; Assumption of Debt.*—Where the respondent assumed the mortgage on a purchase of the mortgage property from complainant, a bill by the complainant, filed after limitations had barred the right of the mortgagee to enforce the debt secured by the mortgage, as against the complainant under her obligation as surety, to enforce the mortgage for the protection of complainant, was insufficient, although alleging that the mortgagee had never released complainant, and had never agreed to accept respondent in the place of complainant as the debtor, and that the same remains an existing liability against the complainant.

(Anderson, McClellan and Sayre, JJ., dissent.)

APPEAL from Lowndes Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Mary V. Austill against the American Freehold Land Mortgage Company, Limited, and others, to enforce a lien of a mortgage executed by her so as to relieve her of suretyship. From a decree sustaining demurrers to the bill complainant appeals. Affirmed.

W. P. McGAUGH, and POWELL, HAMILTON & LANE, for appellant. The failure of a third party to accept the promise of the purchaser to pay the debt of the vendor does not destroy the lien. It still exists in favor of the vendor against the purchaser.—*Carver v. Eads,* 65 Ala. 191; *Bunkley v. Lynch,* 47 Ala. 210. In considering contracts equity looks to justice.—*Bunkley v. Lynch, supra; Buford v. McCormick,* 57 Ala. 428.

W. A. GUNTER and JOHN R. TYSON, for appellee. All the questions presented on this appeal are directly decided on the former appeal.—*Tyson v. Austill,* 168 Ala. 525. That opinion is correct, and not to be overruled. —*Cameron v. Abbott,* 30 Ala. 416; *McDonald v. Mobile L. I. Co.,* 56 Ala. 468; *Cockrell v. Gurley,* 26 Ala. 405; *Cubbedge v. Napier,* 62 Ala. 518; *Scholze v. Steiner,* 100 Ala. 152; *Jackson v. Rowell,* 87 Ala. 685; *Lawton v. Ricketts,* 104 Ala. 430. The allegation that the mortgage company never released complainant, and never agreed to accept Tyson as a debtor, is insufficient to show that the mortgage company was not the owner of Tyson's promise to pay the debt.—*Young v. Hawkins,* 74 Ala. 370; *Coleman v. Hatcher,* 77 Ala. 221; *Dimmick v. Register,* 92 Ala. 458. Mrs. Austill's promise having been long since barred by limitation she needs no protection in a court of equity.—*Harper v. Raisin Fert. Co.,* 158 Ala. 329; 19 Cyc. 184; 34 Ia. 384; Wood on

[Austill v. American Freehold Land Mortgage Co.]

Limitations, p. 100. The bill is clearly without equity as to Mrs. Tyson.—*Wells v. A. M. Co.*, 109 Ala. 430.

DOWDELL, C. J.—On the former appeal in this case (see *Tyson v. Austill*, 168 Ala. 525, 53 South. 263) it was determined that the complainant's bill was subject to the demurrers interposed, and that the court below was in error in overruling the demurrers of the defendants Tyson. After the cause was remanded, the complainant amended her bill by striking out the allegation, "And the same remains an existing liability against your oratrix," and inserting in lieu thereof the following: "That said American Freehold Land Mortgage Company has never released complainant from the payment of said indebtedness, for which said mortgage —a copy of which is attached as Exhibit A to the original bill—was given as security, and never agreed to accept said John R. Tyson as debtor in place of complainant for said indebtedness, and the same remains an existing liability against complainant."

The defendant mortgage company, which had formerly filed an answer admitting the allegations of the original bill, filed no further pleading to the bill as thus amended. The defendants Tyson refiled their former demurrers, and also additional demurrers; one of the additional grounds being that the bill as amended does not show that the mortgage company, being apprised of the assumption of the debt by Tyson, ever repudiated the promise of the respondent to pay said debt, and elected to look to the complainant alone for its payment, and that at the time the bill was filed the complainant was not liable for said debt, the same being long barred by the statute of limitations, and that therefore she had no right to file said bill to enforce the mortgage for her protection.

[Conniff, et al. v. McFarlin.]

The court below sustained the demurrers to the bill as amended, holding that the said amendment had not taken the bill from without the influence of the opinion of this court on the former appeal. In this conclusion the chancellor was correct, as will readily appear from a perusal of the former decision of this court, above cited, and which it is unnecessary here to repeat. Applying the principles therein declared, it appears that the bill as amended still fails to show either that the complainant has paid the mortgage debt to the mortgagee, or that she can now be compelled by the mortgagee to pay it. These defects in the amended bill are pointed out by the demurrers of the respondents, which were properly sustained.

The decree of the court below is affirmed.

Affirmed.

SIMPSON, MAYFIELD, and SOMERVILLE, JJ., concur. ANDERSON, McCLELLAN, and SAYRE, JJ., dissent.