JONES, Justice.
This case presents an appeal and a cross appeal from an action to quiet title to certain realty situated in Covington County, Alabama. This opinion is directed toward the appeal, because the cross-appeal is rendered moot by our disposition of the appeal itself. In light of our disposition of this cause, a detailed recitation of the protracted procedural background is unnecessary. Suffice it to say that this case is before us from an order of the trial court dismissing Plaintiff/Appellant Hugh Beesley’s amended complaint for its alleged failure to state a claim upon which relief could be granted. We affirm.
THE PARTIES
Dr. Walter S. Beesley, deceased, whose estate is not a party to this cause, was the father of Walter Judson Beesley, deceased, and the brother of Dr. Ralph S. Beesley, deceased. Hugh Beesley, the administrator of Dr. Ralph S. Beesley’s estate, initiated this action to quiet title. Dr. Walter Judson Beesley, the nephew of Dr. Ralph S. Beesley, is alleged to have held the lands in question in trust for Dr. Ralph S. Beesley, all of which is more fully set out in the allegations of the complaint below.
Charles Ebert, Jr., and Wayne W. Killion, Sr., are the Executors of the Estate of Dr. Walter Judson Beesley, Deceased, and the Defendants/Appellees in these proceedings.
*1191 THE COMPLAINT
The original complaint reads, in pertinent part, as follows:
“1. Plaintiffs intestate, Dr. Ralph S. Beesley, owned lands in Covington County, Alabama, hereinafter described as:
“The N V2 of the SW Vt and the SW xk of the SW xk, Section 31, Township 6, Range 15 E; the SE lk of the SE xk of Section 36, Township 6, Range 14 East; The E % of the NE lk of Section 1, Township 5, Range 14 East; the SW lk of the NW lk of Section 6, Township 5, Range 15 East, Covington County, Alabama.
“2. Said lands were held in trust for plaintiff’s intestate by a brother of plaintiff’s intestate, Dr. Walter [S.] Beesley. Dr. Walter S. Beesley died on or about the 24th day of April 1975, without recon-veying the said lands to the plaintiff’s intestate.
“3. After the death of Dr. Walter S. Beesley, the said lands were held in trust by Dr. Walter Judson Beesley. Dr. Walter Judson Beesley, prior to his death on or about the 31st day of July, 1977, executed and delivered a quitclaim deed which conveyed all title, interest, and claim to the said lands to the plaintiff’s intestate, Dr. Ralph S. Beesley. Said deed was lost or destroyed or mislaid before it could be recorded.
“Wherefore, the plaintiff prays that this court will quiet title to said lands in the Estate of Dr. Ralph S. Beesley or grant such other equitable or legal relief to which the plaintiff may be entitled.”
Plaintiff’s amended complaint added the following numbered paragraphs:
“4. Plaintiff in searching through the records of his intestate has found an old deed which places in R.S. Beesley (one and the same person as Dr. Ralph S. Beesley), the East xh of the NE xk and NE xk of SE lk of Section 1, Township 5, Range 14, containing 120 acres more or less. This conveyance duly recorded on February 21, 1942, in Book 94, at Page 591 in the Probate Office of Covington County, Alabama establishes the fee sim-pie title of Plaintiff’s intestate as averred in part 1 of this Complaint.
“5. Dr. Walter Beesley assessed for taxes the above described 120 acre tract and also assessed, in his name, the remaining 160 acre tract which is also described in part of this Complaint. The holding by Dr. Walter S. Beesley and subsequently by Dr. Walter Judson Bees-ley was by a private arrangement between Plaintiff’s intestate and Dr. Walter S. Beesley, with the holding continuing by Dr. Walter Judson Beesley who was a Nephew of Plaintiff’s intestate.
“6. The quitclaim instrument referred to in part 3 of the Bill of Complaint was necessary to resolve any inference that by [sic] assessing the land for taxes was an act of ownership adversely [sic] to Plaintiff’s intestate who was at all times the equitable owner of the described lands and in peaceable, constructive possession, under the arrangement hereinabove referred to, until the date of the death of Plaintiff’s intestate.”
ISSUE
Stated succinctly, the sole issue for our consideration is whether, under the aver-ments of Plaintiff’s amended complaint, the Plaintiff, as Administrator, is the proper party to maintain this quiet title action. Plaintiff’s allegations are premised primarily upon Code 1975, § 6-6-540:
“When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, in his own right or as personal representative or guardian, and his title thereto, or any part thereof, is denied or disputed or any other person claims or is reputed to own the same, any part thereof or any interest therein or to hold any lien or encumbrance thereon and no action is pending to enforce or test the validity of such title, claim or encumbrance, such person or his personal representative or guardian, so in possession, may commence an action to settle the title to such lands and to clear up all doubts or disputes concerning the same. (Code 1896, § 809; *1192 Code 1907, § 5443; Code 1923, § 9905, Code 1940, T. 7, § 1109.)” (Emphasis added.)
Plaintiffs argument, urging reversal, may be summarized as follows: 1) It is apparent that the trial court dismissed the amended complaint on the sole ground that an “administrator” of an estate could not bring an action to quiet title to realty; and 2) the “administrator” of an estate is the “personal representative” of an intestate, and, as such, is authorized by § 6-6-540 to bring such an action.
The gravamen of this cause centers around the statutory phrase “claiming to own the same.” Plaintiff alleges that, because his amended complaint “claimed ownership” by the Estate of Dr. Ralph S. Bees-ley, it may be superimposed over the plain language of § 6-6-540, thus permitting the administrator to bring this quiet title suit. We disagree.
In Randolph v. Vails, 180 Ala. 82, 60 So. 159, 161 (1912), the Court said:
“While our statutes confer large powers upon the administrator of an estate over the real estate of the intestate, the legal title to such lands descends to the heirs of such intestate. It is their land, subject, of course, to the payment of the debts of the intestate if the personalty proves insufficient for that purpose, and subject to certain powers which our statutes confer upon the administrator while acting as such administrator. He may rent out such lands; and if he does so he, in the performance of that act, is a trustee, and is chargeable as such trustee. He may, for certain purposes, under the orders of a court of competent jurisdiction, sell the lands; and if he does so, then, in the performance of that act, he is a trustee, and is chargeable as such.” 180 Ala. at 85, 60 So. 159. (Emphasis in original.)
In Nashville C. & St. L. Ry. v. Proctor, 152 Ala. 482, 44 So. 669 (1907), an administrator brought an action to quiet title to certain real estate pursuant to then-Article 9 of Chapter 16 of the 1896 Code.[1] In disallowing such an action, the Supreme Court said:
“Section 809, in prescribing who can maintain such a bill as the one in the ease at bar, provides, among other things, that the complainant must claim to own the land involved, and therefore relates to the owner, rather than such a claim or right as is given an executor or administrator for the purpose of administering upon the estate. The legal title to the land, upon the death of the intestate or testator, descends eo instante to the devi-sees or heirs, as the case may be, subject to be divested only for the purpose of administration. The executor or administrator is in no sense the owner of the land, and is not, therefore, authorized under the statute to maintain a bill to quiet the title to the land which is owned by the heir or devisee of the intestate or testator. It is true that the executor or administrator can maintain an action of ejectment for the lands of the estate for purposes of administration, and the recovery of the possession of same is, of course, essential to the discharge of his duties and the exercise of his powers, such as renting the land and selling it, when authorized by law or the will to do so, and which may become necessary in order to wind up the estate, and the right of the heir or devisee yields to the personal representative, when he asserts his right to the same. But the authorities recognize no title in the personal representative to the land, simply authorizing him to bring ejectment for same, because it is a possessory action, and a possession by him of the land is necessary to enable him to discharge his official duties....
“This is not an action for the possession of land, but is a bill filed by one who would have to be in possession, actual or constructive, with a claim of ownership in order to succeed, and which said claim of *1193 ownership is distinguished from a mere right of possession for certain purposes, such as reposed in the personal representative. The right to successfully prosecute a bill under the aforesaid chapter being statutory, the remedy can be pursued only by those authorized by the statute, which does not include the complainant. It might be well that a personal representative should be authorized to clear the title to the lands of his intestate before putting it on the market for sale, as the price of land would be enhanced by previously settling disputed claims thereto; but we are dealing with the statute as it is, not as it should be.” 152 Ala. at 483-84, 44 So. 669.
In 1907, Code 1896, § 809, was amended,[2] by the addition, after the phrase “claiming to own the same,” of the phrase “in his own right or as personal representative or guardian,” and, as so amended, became § 5443 of Code 1907. Plaintiff’s interpretation of these sections, as amended, would have us read Code 1975, § 6-6-540, in its broadest and most liberal manner. Under this proposed analysis, one simply “claiming” to own realty as a personal representative would qualify to bring an action to quiet title thereto.
Defendants, on the other hand, contend that “only in those limited circumstances where an administrator is permitted to intercept the title to realty otherwise passing to heirs, as when necessary to pay debts, should he be allowed to bring a quiet title action.”
In Cogburn v. Callier, 213 Ala. 46,104 So. 330 (1925), decided subsequent to the 1907 amendment, this Court said:
“It will, therefore, if necessary, be presumed that the record of those proceedings showed that the decedent’s real estate descended to her heirs free from any charge upon them for the payriient of debts or expenses, and hence free from any claim of the administrator. In such a case it has been held that the administrator is not a proper party [to institute quiet title proceedings].”
See, also, Porter v. Worthington, 14 Ala. 584 (1848).
In Adams v. Bethany Church, 361 So.2d 510 (Ala.1978), an action by an unincorporated church association to quiet title, Justice Faulkner, writing for the majority, applied the same “ownership” principle:
“ ‘It is well established in this jurisdiction that a church association, which is unincorporated, though capable of suing and being sued, Tit. 7, § 142, Code of Alabama, Recompiled 1958, is without capacity to acquire or hold legal title to land in its association name.’ ... Instead title is held by and through the association’s named trustees who are the proper parties to bring an action to quiet title.... As Bethany Church could not itself hold title, it could not bring suit to establish title. The motion to dismiss should have been granted.”
In summation, we hold that the only proper circumstances under which an administrator may proceed with an action to quiet title to realty are, as submitted by Defendants, “where an administrator is permitted to intercept the title to realty otherwise passing to heirs, as when necessary to pay debts. .. . ”
As Plaintiff’s complaint failed to allege on his behalf any “right to intercept” the property otherwise passing directly to the heirs of Dr. Ralph S. Beesley, we are dissuaded from holding that his complaint was in order and, consequently, that he was a proper party, under these circumstances, to bring the action to quiet title.
The trial court did not err in dismissing Plaintiff’s amended complaint.
The issue raised by Defendants/Cross Appellants is rendered moot by the affirmance of the trial court’s judgment.
AFFIRMED AS TO THE APPEAL; DISMISSED AS TO THE CROSS-APPEAL.
FAULKNER, ALMON, SHORES, EM-BRY and ADAMS, JJ., concur.
*1194 TORBERT, C.J., and BEATTY, J., concur specially.
MADDOX, J., not sitting.

. Section 809 of the 1896 Code is the section from which § 6-6-540 of the 1975 Code evolved.

. General Acts 1907, p. 574, § 1.